## WILLIAMS v. HEMPSTEAD COUNTY.

MILEAGE: *For summoning jurors.*
A Sheriff is entitled to mileage for summoning grand and petit jurors and alternates.

APPEAL from *Hempstead* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*A. B. Williams,* for appellant :

The right to recovery depends upon the construction of portions of *section 8 of act 58, p. 114, Acts of 1875.* Clause 29 allows mileage in serving each writ, process, notice, etc., except *county matters.* Summoning juries are not "county matters" within the meaning of the act ; the *venire facias* is a *process,* returnable into the Circuit Court, etc.

"County matters" mean "advertising elections," "delivering poll-books," serving notice on road overseers, judges and clerks of election, etc., and "no mileage" is allowed. The insertion of " but no mileage" in the thirty-fourth clause, is an expression of intention on the part of the Legislature, to allow mileage on everything else, as the expression in one case excludes the idea in the other. This construction does not conflict with any principle in *Cole v. White County, 32 Ark., 45.*

ENGLISH, C. J. At the January term, 1881, of the Circuit Court of Hempstead County, James W. Williams, Sheriff of that county, presented to the court an itemized and sworn account for mileage for summoning grand jurors and alternates, and petit jurors and alternates, for several previous terms of the court, and asked that the account be audited, allowed, and certified to the County Court for allowance.

The court examined the account, and found that the services were rendered as charged in the account, and that the amount of the account, and the items therein charged were reasonable, but was of the opinion, and decided, that the statute did not allow said charges as fees to Sheriffs for such services, and refused to certify the account to the County Court, in accordance with the statute, etc.

A new trial was refused the claimant, and he took a bill of exceptions, and appealed.

Section. 8 of the fees act of the thirteenth of December, 1875 (Acts of 1875, p. 113), provides that Sheriffs shall be allowed:

"For summoning a grand jury, seven dollars and fifty cents ($7.50). For summoning a petit jury, regular panel, selected by jury commissioners, ten dollars ($10)."

The jury commissioners are required to select from the electors of the county, in the mode indicated by the statute, sixteen grand jurors, and nine alternate jurors, making together twenty-five, and the Sheriff is required to summon them (*Gantt's Digest, secs. 3669–3677*), for which he is allowed as above, $7.50, being *thirty cents* for each one.

The commissioners are also required to select, in the same mode, twenty-four petit jurors, and six alternate jurors, from the electors of the county, to serve during the ensuing term of the Circuit Court, and the Sheriff is required to summon the thirty persons so selected, for which he is allowed, as above, $10, being *thirty-three and a third* cents for each.

When it is considered that the grand and petit jurors are selected from the body of the electors of the county, and that the Sheriff may have to travel extensively over the county to find and summon them, it is but reasonable that the Legislature should have made some provision to pay him mileage for such service.

Hence, a further clause of the eighth section of the fees act allows the Sheriff:

"For mileage, in serving each writ, process, notice, subpœna, or rule, except county matters, for each mile circular, five cents (.5)."

An after clause of the same section allows the Sheriff:

"For serving each order or rule of County Court (but no mileage) seventy-five cents (.75)."

The exclusion of mileage in this clause is in harmony with the words "except county matters," in the preceding clause.

All expenses of the Circuit Court, not taxable as costs to litigants, are paid by the county in which the court is held; nevertheless, the fees for summoning grand and petit jurors are expenses incident to the administration of public justice, in which the people of the State are interested, and do not fall, we think, strictly within the words of the mileage clause, *"except county matters."*

The clerk is required to furnish "lists" (Code language) of the grand jurors and alternates, petit jurors and alternates, selected by the commissioners, to the Sheriff, and he is required to summon them, etc. *Gantt's Digest, section 3677, etc.*

But no intelligent clerk, having any knowledge of legal forms, would furnish the Sheriff with mere *"lists"* of names. He would surely add a mandate in the name of the State, commanding the Sheriff to summon the persons named to attend court, etc., and authenticate the *"lists"* with his signature and seal of office.

When so made out, a *"list"* would be a *"process,"* and properly, to use a familiar legal designation, a *"writ"* of *venire facias,* and fall within the terms of the mileage clause of the fees act above copied.

No other question is presented in this case than that decided by his Honor, the Circuit Judge, and no other need be decided on this appeal.

The judgment is reversed, and the cause remanded for a rehearing.