TRIMBLE *v.* RAILWAY CO.

Opinion delivered May 21, 1892.

1.  *Circuit clerk—Fee for administering oaths.*

    A circuit clerk is entitled to a fee of ten cents each time he administers an oath, without reference to the number of persons who take it ; while it is the duty of the court, when practicable, to have all jurors or witnesses sworn at the same time, still if they are unnecessarily sworn separately, the clerk is entitled to the fee for each oath administered.

2.  *Costs—Affidavits to accounts of witnesses.*

    Since witnesses can get their fees only by swearing to their accounts for attendance, the clerk's fees for taking their affidavits should be taxed as part of the costs in the case.

3.  *Circuit clerk—Fees.*

    In construing sec. 3235, Mansf. Dig., fixing the fees of clerks of the circuit court—*Held :*

    (*a*)  They are not entitled to the fee "for each continuance" where there was no order of continuance and the cause went over by lapse of the term.

    (*b*)  They are entitled to the fee "for indexing each case each time" for each record entry indexed.

    (*c*)  They are entitled to the fee "for each submission" only where there is a submission of the cause upon an issue of law or fact, and not where there is a submission of a question arising in the cause, as, for instance, the submission of a motion for a new trial.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

Action by Trimble against the St. Louis & San Francisco Railway Company. The case is stated in the opinion.

*Sandels & Hill* for appellant.

1.  The clerk is entitled to 10 cents for *each* juror sworn.  Citing secs. 3225, 3235, 4006, 4011, Mansf. Dig.; 4 Oh. St. 177; Suth. St. Const. secs. 237–8.

2.  The clerk is entitled to 10 cents for swearing each witness to his attendance.  Mansf. Dig. secs. 1042–3, 3266, 3270, 3272; 44 Fed. Rep. 407; Am. Dig. 1890, p. 806, citing 7 Pac. Rep. 388.  "The expenses of the jurat annexed * * * is taxable as part of the costs."  The witness fee is $1.50 per day, and it was intended he should receive this amount net.

*Clayton, Brizzolara & Forrester* for appellee.

1.  An officer is only entitled to such fees as the law expressly provides, and he can only collect where the law makes provision for him.  25 Ark. 235; 32 *id*. 45; 47 *id*. 442; 4 A. & E. Enc. Law, 314, note 5.

2.  The charge for two continuances was unlawful— there was no motion for, nor order of, continuance.  The clerk performed no service, and is entitled to no fee.  67 Mo. 691.

3.  The clerk was only entitled to fee for three indexes; he has charged for six.  He charges for indexing each paper.  Mansf. Dig. sec. 3235.

4.  The clerk is not entitled to a fee for "submission," except for a technical submission of the case to the court for decision upon an issue of law or fact. 2 Bouv. L. D. 674; 2 Rap. & L. Law Dict. p. 1229; 49 N. H. 180; 9 Wend. 661; 67 Mo. 691.

5.  There is no provision that the fee for swearing witnesses to their attendance shall be taxed as costs.

6.  The clerk is only entitled to 50 cents for swearing a jury, and his charge of 10 cents for swearing 14 jurors is illegal.  There is no provision of law to pay the clerk for swearing jurors as to their qualifications. 9 Abb. Pr. (N. S.) 310; 37 Hun. 237–240; 11 Neb. 95-98.

*Sandels & Hill* in reply.

The only items before this court are the two disallowed, from which the clerk appeals, and the three items decided against the cross-appellants.

HEMINGWAY, J.   This case presents cross-appeals, on behalf of the clerk and defendant respectively, from a judgment taxing costs.   The clerk contends that two items claimed by him were improperly disallowed; and the defendant, that three items were improperly allowed The defendant argues the legality of certain claims which the court disallowed, but it is clear that it cannot complain of these orders ; and as the clerk does not, they are not before us.   We, therefore, consider the court's action with reference to five items of. the claim as to which the unsuccessful party is complaining.

The clerk charged and the court disallowed $1.40 for swearing fourteen jurors to answer questions as to their qualifications.   If the oath was administered fourteen times, as seems to be conceded, the charge was proper and should have been allowed, whether fourteen persons or more took it.   If it was administered less than fourteen times, less was chargeable, as the statute allows only ten cents for administering each oath, without reference to the number of persons who take it.   The courts should see that litigation is not made unnecessarily burdensome, and should, when practicable, have all the jurors or witnesses, as the case may be, sworn at the same time.   But if such persons are unnecessarily sworn separately, the clerk is entitled to ten cents " for each oath administered "—so says the statute.

*1. Fee of clerk for administering oaths.*

The clerk charged and the court disallowed thirty cents for swearing three witnesses to the accounts for their attendance.   Witnesses can get their fees only by presenting and swearing to an account.   Mansf. Dig. sec. 3270.   The statute clearly indicates that the *per diem* is to be net ; and as an affidavit is required, we

*2. Fee for taking affidavit to account of witness.*

think it should be taxed as a cost of the case.  Mansf. Dig. sec. 3272.  If so, since the fee bill authorizes the clerk to charge for each oath administered ten cents, we think the claim should have been allowed.

**3. Fees of clerk: (a) for continuances.** The clerk claimed for two continuances thirty cents, which the court allowed.  There was no order of continuance, and the causes went over with the lapse of the term.  The statute fixes fees for services performed by the clerk, and was not intended to compensate him for accidents to which his service did not contribute.  We think the claim improper.

**(b) For indexing.** The clerk charged and the court allowed " for indexing three times, thirty cents."  It is contended that the statute allows ten cents for indexing each case each term of court, and that no more can be allowed, though more than one order is made and indexed.  The statute provides " for indexing each case each time, ten cents." The clerk is required to make a complete index of the record, and it should point to every record entry.  We think that for every entry indexed he is entitled to ten cents.

**(c) For submissions.** The clerk charged and the court allowed " 15 cents for entering a submission " of a motion for a new trial. The statute allows " for each submission, 15 cents ; " we think a submission within the provision is a submission of the cause upon an issue of law or fact, and not a submission of a question arising in the cause, and that the allowance was improper.

For the errors indicated the judgment is reversed, and a judgment will be entered here to conform to this opinion.