LOGAN COUNTY *v.* ROADY.

Opinion delivered November 12, 1892.

1. *Sheriff—Compensation of deputy.*

The county is not bound to pay for the services of a deputy sheriff in attending upon the circuit court; the sheriff must compensate his deputies out of the fees and emoluments of his office.

2. *Expenses of court.*

Such services are not such a necessary part of the expenses of the circuit court as the circuit judge is empowered, by section 1376 of Mansf. Dig., to certify to the county court for payment.

Appeal from Logan Circuit Court.

HUGH F. THOMASON, Judge.

STATEMENT BY THE COURT.

The Logan circuit court, at its January term, 1890, made an order for the sheriff of Logan county to employ special bailiffs during the term. Under this order O. C. Wood, sheriff, employed his chief deputy, the appellee, to act as court-room bailiff. On August 6, 1890, appellee filed in the office of the clerk of the county court of Logan county his claim against the county, as follows :

" Logan County,

" To W. C. Roady, Deputy Sheriff of Logan County, Dr.

" January Term, 1890.

" To services as guard and special bailiff, appointed by the sheriff of Logan county, O. C. Wood, from the 6th day of January, 1890, to the 1st day of February, 1890, inclusive, twenty-four days, at $3 per day; circuit judge having entered an order for sheriff to employ necessary assistance during said court.        $72.00

" W. C. ROADY."

"State of Arkansas, }
    Logan County. }

"I hereby certify that the foregoing account is correct and just, and that the services therefor charged were ordered by the circuit court at its January, 1890, term.

                    "W. R. CHERRY,
                        "Clerk of Circuit Court.

"H. F. THOMASON,
            "Judge, etc,"

And duly verified by appellee, as required by section 1412, Mansfield's Digest.

On October 10, 1890, the Logan county court disallowed the claim, and appellee appealed to the circuit court.

On trial *de novo* in the circuit court appellee testified :

"I am the plaintiff in this action. I am a deputy sheriff of Logan county. Have been deputy sheriff constantly since November 1, 1888. I am the chief or office deputy of the sheriff of the county. O. C. Wood is the sheriff of the county. I was deputy sheriff at the January, 1890, term of this court. For that term of the court the criminal docket contained 164 cases. There were about fifteen persons in jail at that term. I was employed by the sheriff as court-room bailiff for that term of the court, and did the general 'roustabout' work of a courtroom bailiff. My services were necessary to facilitate the court in its work. G. G. Dandridge was the jailor, and also waited on the grand jury. J. C. Berry and J. G. Ashinghust were the special bailiffs who had charge of the petit juries in the Bolling and Coulter murder cases. These cases occupied the court for fifteen days. These juries were kept in charge by bailiffs Berry and Ashinghust. The county court allowed Dandridge, Berry and Ashinghust each $2 per day during the time that they served as bailiffs. While I was employed as

court-room bailiff, I was acting deputy sheriff, though I don't think that my fees for process served during that term of the court would exceed five or six dollars. I think, while I was acting as court-room bailiff during that term of the court, I lost deputy sheriff's fees to the amount of seventy-five or one hundred dollars. At the April, 1890, term of the Logan county court, the county court allowed me fees amounting to about sixty or seventy dollars. These were my fees in *nol. pros.* cases, and in cases where defendants were acquitted, the county being then liable for the costs. I do not know what my fees at that term of the court amounted to in cases where the parties were convicted. I also had fees in a great many cases that were continued and not disposed of at that term of the court. All of these fees were for services rendered before I was employed as court-room bailiff. I served as court-room bailiff twenty-four days. I charged $3. This I think was a reasonable charge, and the services were worth this amount. The county court refused to allow me this account."

The court declared the law in this case to be " that the county is liable for said sum of $72," and rendered judgment in favor of appellee for the amount of his claim against appellant ; "and further ordered that, upon filing a copy of this judgment with the county clerk, he issue his warrant to said Roady for said sum," to which judgment appellant at the time excepted.

A motion for new trial was filed on the following points : (1) The court erred in declaring the law to be with the plaintiff. (2) The court erred in rendering judgment against the defendant. (3) The judgment of the court is not sustained by sufficient evidence. (4) The judgment of the court was contrary to the law. The motion for new trial being overruled, the county took her bill of exceptions, and appealed to this court.

*Anthony Hall* for appellant.

1.    Constructive fees not allowed—no officer entitled to fees not specifically allowed by law.    Mansf. Dig. sec. 1414.    Persons who serve the public must be content with the compensation provided by the plain letter of the law.    67 Mo. 687 ; 25 Ark. 235 ; 32 *id.* 45 ; 47 *id.* 442 ; 55 *id.* 387.

2.    Sheriffs may appoint deputies (Mansf. Dig. sec. 6318), but there is no provision to compensate deputies, except the fees allowed sheriffs.    *Ib.* sec. 3247 ; 22 Ark. 595.

3.    These services were not a part of the necessary expenses of the circuit court, which the circuit judge could certify to the county court for payment.    Mansf. Dig. sec. 1410.

*John S. Little* for appellee.

The circuit court has power by proper orders to compel sheriffs to employ special bailiffs to aid the court in expediting its business, and the fees therefor become part of the necessary expenses of the circuit court, to be paid on the certificate of the circuit judge.    Mansf. Dig. secs. 1376, 1431–2, 6326–7; 23 Ark. 723, 724.

HUGHES, J., after stating the facts as above reported.

1. Sheriff must compensate his deputies.

This case is controlled by section 1414 of Mansfield's Digest, which provides :    " The county court is hereby prohibited from auditing and allowing to any officer any fee or allowance not specifically allowed such officer by law, and in no case shall constructive fees be allowed to or paid officers by any county of this State."    *Cole* v. *White County*, 32 Ark. 45.

" The sheriff is allowed a *per diem* for attending upon the court when in session, and fees for serving all process, etc., etc., and the law seems to have contemplated that he would compensate his deputies out of the fees and emoluments of his office."    *Jefferson County* v. *Hudson*, 22 Ark. 595.    In this case Hudson claimed pay

for the services of seven deputies rendered the circuit court for sixteen days.

In the case at bar the appellee was the regular deputy of the sheriff, and performed such duties as the sheriff was obliged to perform in his official capacity and for which the sheriff received pay. These services were not a part of the necessary expenses of the circuit court which the circuit judge might certify to the county court for payment under the statute.

The declaration of law by the circuit court was erroneous. The judgment is reversed, and the cause is remanded for a new trial.

2. Expenses of court.