LOGAN COUNTY *v.* TRIMM.

Opinion delivered April 8, 1893.

1.　*County—Liability for officer's fees.*

To authorize a county court to allow against the county a claim of fees for service rendered by an officer, three things must concur:

　(*a*) There must be specific statutory authority to the officer to make a charge for the service;

　(*b*) The officer must be required by the statute, or by the rules of practice or order of the court, to perform the service;

　(*c*) The statute must indicate, expressly or by fair intendment, the intention to permit the fee allowed by the statute for the service to be charged against the county.

2.　*Liability for clerk's fee for oath administered.*

The circuit clerk is entitled, as part of the costs in a case, to a fee of ten cents each time an oath is administered by him in swearing jurors upon their *voir dire*, in swearing witnesses to testify, and in swearing witnesses to their attendance; if the county becomes liable for the costs in the case, such fees are properly chargeable against it.

3.　*Liability for fee "for swearing and entering each jury."*

Under section 3235 of Mansf. Dig., which allows circuit clerks a fee of fifty cents "for swearing and entering each jury," the county is liable to the clerk for such fee as part of the costs in every criminal cause in which the costs are chargeable against the county; and the county is further liable to the clerk for the same fee, as part of the expenses of the circuit court, for swearing and entering the grand jury and the regular panels of the petit jury.

4.　*Expenses of court—Clerk's fee for entering orders.*

As part of the expenses of the circuit court, the circuit clerk is

entitled to a fee of twenty cents for entering every order with reference to the grand and petit juries, to be charged against the county.

5. *Fee for administering oaths.*

Where the circuit clerk is required by the court to administer an oath to a person summoned to supply a vacancy upon the grand jury, or upon a regular panel of the petit jury, the county is liable for the clerk's fee therefor as part of the expenses of the circuit court; but if a petit juror be summoned to serve in a particular cause and not upon the regular panel, the clerk's fee for administering the oath to him is chargeable as part of the costs in that cause.

6. *Fee for entering order of appointment of special bailiff.*

The county is not liable to the county clerk for his fee in entering an order of appointment of special bailiffs, the sheriff being liable for all expense incident to such employment.

7. *No fee for certificate without seal.*

Under the fee-bill statute (Mansf. Dig. sec. 3235), which allows the circuit clerk fifty cents "for each certificate and seal," but provides no fee for a certificate without seal, *held* that where a statute provides that the clerk shall "give to each grand and petit juror a certificate of his attendance and service as juror" the clerk is not entitled to any fee therefor.

8. *Fee for certifying costs to county court.*

The circuit clerk is entitled to charge the county fifty cents for a certificate and seal in certifying to the county court the costs in a cause in which the county is liable for costs.

9. *Fee for certificate of appointment of commissioner of accounts.*

Under the act of 1885, p. 78, which requires the circuit clerk to make out and deliver to the sheriff four certified copies of the order of the circuit court appointing three citizens commissioners of accounts, the clerk is entitled to charge the county, as part of the expenses of the circuit court, for such certified copies as for certificates under seal.

10. *Fee for summons to jury commissioners.*

Where the circuit court requires its clerk to issue a summons for the jury commissioners, the clerk is entitled to charge the county therefor as part of the expenses of the circuit court; but where the clerk issues a summons to the commissioners without being required to do so by the court, he can make no charge therefor, because he has performed a service not required of him.

11. *No fee for certificate of attendance of jury commissioner.*

The clerk is not entitled to charge the county a fee for a certificate of attendance of jury commissioners for the reasons, (1) that the law does not require the clerk to issue a certificate to such commissioners, and (2) that no provision is made for paying for a certificate that is not required to be under seal.

Appeal from Logan Circuit Court.

HUGH F. THOMASON, Judge.

*Anthony Hall* for appellant.

1. The county court is prohibited from allowing any officer any fee not *specifically* allowed such by law, and in no case can constructive fees be paid by counties. Mansf. Dig. sec. 1414. "Specifically" is defined "definitely," "particularly." Webster's Dict. The fee must be allowed in direct terms. Mansf. Dig. sec. 3285, does not include any fee for "swearing jurors to qualifications," "swearing witnesses to testify," "swearing witness to claim for attendance," etc. It says: "for administering each oath, 10c," but to claim that this authorizes the claims for swearing jurors to qualifications, or witnesses to testify or to attendance, would simply be to allow constructive fees.

2. Section 3235 allows no fee for certifying costs to county court, and to allow as "a certificate and seal 50c," is an allowance of constructive fees.

3. No fee is prescribed or allowed for "entering and swearing" grand jury and petit jury, by the statute. These duties are required by sections 2075 and 4007, but no fee is pointed out for these services. The fee "for swearing and entering each jury 50c," provided for by section 3235, refers to each jury sworn in each State case, or vacancy in regular panel filled in a civil suit, under section 4009. This fee should be taxed as costs in each case.

4. The fees for issuing certificates of attendance to grand and petit jurors are constructive fees. Section

3265 requires the clerk to give jurors a certificate of their attendance, but no fee is provided for such services. This is true also of the fee for certificates, summons and copies for commissioners.

5. No fee is prescribed for orders in the matter of grand jury, petit jury, jury commissioners or special bailiffs. An officer is not entitled to a fee for every act. He can only collect when the law makes provision to pay him. 25 Ark. 236. Persons who serve the public must be content with the compensation provided by the plain letter of the law. 32 Ark. 45 ; 47 *id.* 442 ; 55 *id.* 387. Sec. 3287 Mansf. Dig. applies to services performed by clerks for individuals, and not to services for the county. 32 Ark. 45.

*Evans & Hiner* for appellee.

1. 19 S. W. Rep. 839, settles the question as to the charges for administering oaths to witnesses, jurors, etc.

2. The clerk is allowed 50c for "certificates and seal." Section 2345 requires him to certify the costs in criminal cases. Every certificate is under his hand and seal of the court of which he is clerk. He is clerk of a court armed with a seal to attest the verity of his acts.

3. Witnesses can get their fees only by swearing to their attendance. Mansf. Dig. 3270. The statute indicates that the per diem is net, and the fee for swearing should be charged as costs in the case. Mansf. Dig. sec. 3273.

4. The items for "entering and swearing each jury," for "each certificate and seal," "each summons," "each order," "each oath," are specifically allowed by the statute.

5. The fee bill is applicable to cases where the county pays the costs. 47 Ark. 404.

COCKRILL, C. J.    This appeal involves the consideration of divers questions in reference to the allowance of fees by the county court to be paid by the county to a circuit clerk for services performed by him in his official capacity.

Observance of a few general rules deducible from the statutes and decisions will serve to simplify the questions.

1.    Three things must be found to concur before the county court is authorized to allow a claim against a county in favor of an officer for fees : 1st.    There must be specific statutory authority to the officer to make a charge for the service rendered.    Mansf. Dig. sec. 1414. 2d.    He must be required by the statute, or by the rules of practice or order of the court, to perform the service. 3d.    The statute must indicate expressly or by fair intendment the intention to permit the fee allowed by the statute for the service to be charged against the county. *Cole* v. *White County*, 32 Ark. 45.    To illustrate :    The statute makes the county liable under certain circumstances for the costs in criminal cases.    In such a case the express intention to make the county liable is found in the statute, and we have only to ascertain what fees are specifically allowed the officer by the statute for services rendered in the cause, to ascertain the county's liability.    Again, a fee is expressly allowed the clerk for every order entered by him ; he enters an opening and adjourning order on every day of the court ; but these orders are requisite only to the history of the judicial proceedings of the court making them— they are not incident to business which the statute indicates shall be at the charge of the county, and it cannot be said that the statute intends to cast the liability on the county.    The clerk therefore gets nothing for the service.    It is a burden that accompanies the office. *Cole* v. *White County*, 32 Ark. *sup.*

*margin note:* 1. When county liable for fees.

An examination of the items of the various claims presented to the county court by the circuit clerk in the case will show that they fall in one of these classes.

Claims for fees in five criminal cases were presented. It is conceded that the county is liable for costs in these cases. The third general rule above stated is therefore satisfied.

In each of the cases the following items of charge appear:

2.    "*Swearing jurors to qualifications.*"

2. Clerk's fee for swearing jurors.

It is argued that there is no specific allowance in the statute for swearing jurors to qualifications, and that the item was not therefore a proper allowance. But there is a specific allowance of ten cents "for administering each oath." Mansf. Dig. sec. 3235. The duty of swearing the ·juror upon his *voir dire* is required of the clerk. When he performs the duty in the course of a trial, he is entitled to a fee therefor, to be taxed as costs. If the county becomes liable for the costs, it is a proper charge against the county. If a number of jurors are sworn together, that is a single act for which the clerk is entitled to but one fee; but if he is required to swear them separately, he is entitled to charge for each oath administered. *Trimble* v. *Railway Company*, 56 Ark. 249, S. C. 19 S. W. Rep. 839 ; *Bagley* v. *Shoppach*, 43 Ark. 375.

3.    "*Swearing witnesses to testify,*" and "*swearing witnesses to attendance,*" are items which stand upon the same basis as the preceding one, and were properly allowed. *Trimble* v. *Railway Company*, 56 Ark. *sup*.

3. Fees chargeable against county.

4.    Other charges complained of, for services rendered in no particular cause, are as follows: "*To entering and swearing grand jury,*" "*to entering and swearing petit jury No. 1,*" "*to entering and swearing petit jury No. 2.*"

The statute allows the clerk fifty cents for " swearing and entering each jury." The jury is separately sworn in each criminal case. *Chiles* v. *State*, 45 Ark. 143. The fee for such service goes with the cost in the cause in which it is rendered, and, can be made a charge against the county only when the costs of the criminal case become a charge against it.

But the names of 24 jurors are entered upon the record at the beginning of the term, and a general oath is administered to the panel, which binds them in all civil causes submitted to them. Mansf. Dig. secs. 4006–7. This is not a service performed in a cause, and cannot be taxed in any case. The same is true of empaneling and swearing the grand jury. But a fee for swearing each jury is specifically allowed by the statute. The question is, can the county be charged with the expense? The statute provides that " the expenses accruing in the circuit court shall be paid out of the county treasury in which the court is held in the same manner as other demands," after the accounts of the officers therefor have been audited by the circuit court. Mansf. Dig. secs. 1485–1488. It has been ruled that the compensation due jurors is part of the current expense of holding the circuit courts, within the meaning of this statute. *Independence Co.* v. *Dunkin*, 40 Ark. 329. Also that the sheriff is entitled to mileage for summoning the grand jury, upon the same theory (*Williams* v. *Hempstead Co.* 39 Ark. 176) ; and that the sheriff and clerk are entitled to the fees allowed by law for issuing and serving subpœnas for witnesses to appear before the grand jury. *Jefferson Co.* v. *Hudson*, 22 Ark. 599, 600. The fee bill did not indicate that any of these services performed by the officers were expenses to be charged against the county, nor did it specify that there should be mileage for summoning the grand jury, or fees for issuing or serving subpœnas for witnesses before the

grand jury. But fees were specifically allowed for issuing and serving all writs and process ; the clerk was required to issue and ·the sheriff to serve the writs ; these services were incident to the work of the grand jury for whose expenses the county was liable ; it was held therefore in these cases that the fees allowed for the services were chargeable as expenses of the circuit court for which the statute makes the county liable.

The same reasoning leads to the conclusion that the county is chargeable with the expense of swearing the grand jury and regular panels.

5. *" Orders in the matter of the grand jury;"* *" orders in the matter of the petit jury."*

The statute allows a fee of twenty cents for each order. The services charged for were required of the clerk by the court. Under the rule governing the last mentioned items, the fees are allowable.

6. *"Swearing extra jurors to qualifications;"* *"swearing extra jurors to serve as jurors."*

The statute specifically allows the clerk 10 cents for administering each oath. Mansf. Dig. sec. 3235. If he is required by the court to administer oaths to persons summoned as jurors to serve on the regular panel or on the grand jury, the county would be chargeable with the fee, under the rule announced in considering items above mentioned.

If the jurors are summoned to serve, not upon the regular panel, but for a particular cause, the costs are chargeable in that cause ; and unless it is a case in which the county is liable for costs, the fee for the service can not be charged against it.\*

There is nothing here to show that the special petit jurors were summoned for service on the regular panel, or in a cause wherein the county was liable for costs. The court sets forth in its judgment, however, a, special

---

\*But see *Independence Co.* v. *Dunkin*, 40 Ark. 329. (Rep.)

finding allowing each item not rejected by it. The case comes to us without a bill of exceptions, and consequently without a motion for a new trial. We presume therefore that there was proof, by the statutory certificate of the circuit court or otherwise, that the jurors were summoned to serve on the regular panel. It follows that the expenses in reference to swearing them were chargeable against the county.

7. " *Orders in the matter of special bailiffs.*"

The sheriff, and not the county, is liable for the expenses incident to the employment of special bailiffs. *Logan County* v. *Roady*, 56 Ark. 581. The item was not therefore a proper allowance against the county.

6. Fees in matter of special bailiffs.

8. " *Certificates to grand and petit jurors.*"

The clerk is required to "give to each grand and petit juror a certificate of his attendance and service as juror." Mans. Dig. sec. 3265. The fee bill allows the clerk fifty cents for each " certificate and seal." For a certificate without a seal no fee is provided. It follows that no fee for this service is provided unless the clerk is required to authenticate the certificate by the seal of the court as well as his signature. The statute requiring the certificate does not direct that a seal be affixed. There is no statute requiring the clerk to authenticate all his acts by seal, and it is not the practice for him to do so. When he marks a paper filed, gives the date, and signs it officially, that is a certificate that the paper was filed on the day mentioned, and the certificate needs no seal to authenticate it as his official act. A court takes judicial knowledge of the signature of its clerk. His signature to an affidavit need not be authenticated by seal to make it evidence to the tribunal of which he is an officer. *Mountjoy* v. *State*, 78 Ind. 172 ; *Stout* v. *Slattery*, 12 Ill. 162 ; *Rowley* v. *Berrian*, *ib.* 200 ; *Thielmann* v. *Burg*, 73 *id.* 293.

7. No fee for certificate without seal.

At the time the statute was enacted requiring the circuit clerk to give jurors certificates of attendance, the circuit clerk was *ex-officio* clerk of the county court in all but a few counties, as he still continues to be in a great number of counties, and the courts were then as now held in the same building. One clerk, except in rare instances, officiated for both courts. These facts were known to the legislature, and they tend to show that there existed no great necessity for requiring the formality of authentication by seal. Moreover, the certificate which the juror receives from the circuit clerk is only a means of evidence to the county court for an order of that court upon its clerk to issue a warrant upon the county treasury for the amount due the juror. The warrant, as we have seen, was ordinarily issued by the clerk who issued the certificate, but a warrant was never required to be under seal. *Crudup* v. *Ramsey*, 54 Ark. 171; *Goldman* v. *Conway Co.* 10 Fed. Rep. 888. And yet the warrant is of greater dignity than the certificate, because it is the evidence of an order of a court of record.

The fact that a warrant is not required to be sealed is not necessarily conclusive of the fact that the legislature intended that the certificate should not be sealed, but, when viewed in the light of the other facts, it is strong evidence that when the legislature required a certificate without directing that it be sealed, there was no intent to require a seal.

The Federal courts have dealt with this question, and have reached the conclusion that a seal is not required to be attached by the clerk of the circuit courts to *copies of the orders of court* certifying the attendance of jurors and witnesses.

The Supreme Court of the United States say that it is usual between officers of the same court, and between such officers and those of the treasury depart-

ment, to accept the signatures of each other as genuine, and that under such circumstances the clerk has no right to impose the unnecessary burden of a seal, where he is not expressly required to affix it. *United States* v. *Van Duzee*, 140 U. S. 174–5.

The jurat to an affidavit is a certificate that the oath was administered. No specific fee is allowed the clerk for certifying an affidavit; but he is allowed ten cents for administering an oath and fifty cents for a certificate and seal. If he is allowed a fee for attaching his seal to every certificate, he could charge sixty cents for swearing a witness to his attendance—ten cents for the oath and fifty cents for the certificate and seal. The clerk in this cause has not charged more then ten cents for such service performed by him, and that was all that was allowed for the same service in *Trimble* v. *Railway Company*, 56 Ark. 249. It may have been an unintentional omission on the part of the legislature not to allow a fee for a certificate without a seal, but we cannot supply the omission.

9. "*Certificate and seal certifying costs to county court.*"

This service is performed by the clerk under section 2345, Mansfield's Digest. That section requires the court to audit claims for costs against the county and cause the same to be certified to the county court. The orderly practice in such cases is for the circuit court to approve or disapprove the claim for fees by an order entered upon the record. *Ouachita County* v. *Sanders*, 10 Ark. 470. It can then cause the record evidence of the allowances to be certified to the county court, as the statute requires, by sending to that tribunal the account with a certified copy of the order allowing it. The proceeding, like that of adjusting the expense incurred by the circuit court for fuel and other items in that tribunal, is for the convenience of the county (*Ouachita Co.* v. *Sanders*, *sup.*),

8. Fee for certifying costs to county court.

and the expense incurred in reference to it stands on the same footing as the other expenses incident to matters for which the county is made liable by statute. *Jones* v. *United States*, 39 Fed. Rep. 410. A record is certified by the signature of the clerk and the seal of the court. *Stone* v. *Robinson*, 9 Ark. 469. The specific fee allowed by statute for a certificate under seal is therefore a proper charge against the county. *Jones* v. *United States*, 39 Fed. Rep. *sup.* ; *Van Duzee* v. *United States*, 48 Fed. Rep. 643, 650.

10. "*Summons and three copies to summon commissioners of accounts.*"

9. Fee for certifying court orders.

The statute requires the circuit clerk to make out and deliver to the sheriff "four certified copies" of the order of the court appointing three citizens commissioners of accounts, in order that they may be summoned to appear and perform the duties required of them. Acts of 1885, p. 78. These copies, certified under the seal of the court, are, as we understand it, the subject of this charge. The copies of the order are in the nature of summons which the law requires to be under seal. Mansf. Dig. sec. 5305. When the legislature required the copies to be certified, we presume that the intent was to make them of the same dignity as the writ whose office they were to perform. The clerk was entitled therefore to charge as for certificates under seal. *Van Duzee* v. *United States*, 48 Fed. Rep. *sup.*

The county is chargeable because the commissioners report to the circuit court, and the expense, like that of jury commissioners and of jurors, is a part of the expense of that court, within the rule above announced.

11. "*Summons and three copies to summon jury commissioners.*"

10. Fee for summons to jury commissioners.

The law does not provide for the issue of a summons for a jury commissioner. The circuit court is required to appoint jury commissioners, and their duties

are prescribed by the statute. No method of informing them of their appointment, or bringing them under the jurisdiction of the court so as to require the performance of their duties, is provided by the statute.

In case of the commissioners of accounts, the law provides that certified copies of the orders shall be issued by the clerk for service on the commissioner. It might be argued that he should by analogy issue copies of the order appointing jury commissioners and charge for that service as in case of the appointment of the commissioners of accounts, in accordance with section 3287, Mansfield's Digest, which provides that "in all cases where any officer or other person is required to perform any duty for which no fees are allowed by law, he shall be entitled to such pay as would be allowed for similar services." But the clerk could not do that for two reasons: he is not required to perform the duty, and section 1414, which was enacted after the section quoted, prohibits the application of that rule to allowances against counties. *Cole* v. *White Co.* 32 Ark. 45. The circuit court, however, must devise a remedy, in order that the duties imposed by the statute upon it and the commissioners may be performed. It can adopt any reasonable method that will subserve the purpose of warning the commissioners. If the court requires the clerk to issue a summons and copies for service in order to warn them of their appointment and the time when they are required to enter upon the discharge of their duties, the duty is then specifically required of him; his service is a part of the expense of the circuit court, and the fees allowed by law for such service are chargeable against the county. If the clerk issues a summons without being required to do so by the court, he can make no charge therefor, because he has then performed a service not required of him.

In the absence of a bill of exceptions, we presume as was said above, that there was proof before the trial court to establish every fact that would authorize the allowance. The charge was therefore legal.

12. "*Certificates to jury commissioners.*"

11. Certificate of attendance of jury commissioners.

The law does not require the clerk to issue a certificate to a jury commissioner; and it makes no provision, as we have seen, for paying for a certificate which is not required to be under seal. Either reason is an obstacle to allowing the fee.

The judgment is reversed, and the cause will be remanded with instructions to disallow the items condemned in this opinion, and to enter judgment for the appellee for the aggregate of the other items previously allowed by the judgment in this cause.

It is so ordered.