HEMPSTEAD COUNTY *v.* ROYSTON.

Opinion delivered October 14, 1893.

*Change of venue—Liability of initial county for expenses of trial.*

Under the act of April 6, 1889, providing "that, within 30 days after the termination of any cause, in any circuit court of this State, that was tried on change of venue from another county, it shall be the duty of the clerk of said court to make an itemized statement of *all the expenses* incurred by his county in the trial of any such cause, and present it to the county court of the county in which the cause originated," and "that the county court to whom any *such bill of costs* are (is) presented, properly authenticated, shall allow the same as if the case had terminated in his own county," *held*, that the county in which a cause originated is liable for all of the current expenses incurred in another county in the trial of the cause, as well as for the costs, for which it was already responsible.

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

*Jas. H. McCollum* for appellant.

Hempstead county is not liable for the items charged for. By act April 6, 1889, (Acts 1889, p. 120,) Clark county was liable not for "costs" but for all "expenses." 4 Ark. 473 ; 10 *id.* 467. It was intended to change the rule laid down in 40 Ark. 329, and make the original county pay all "expenses," the word costs being used in this sense.    34 Ark. 263 ; 35 *id.* 56 ; 27 *id.* 418 ; 40 *id.* 431.

*R. B. Williams*, for appellee.

The summoning of jurors, issuing certificates to them, and such other like services, are a necessary part of the expenses of the court, and have never been treated as a part of the "costs" of any case.    40 Ark. 329. The language of the act of 1889 will not justify the construction given it by appellant.    It created no new

liability, but merely fixed a time within which the accounts were to be presented.

WOOD, J.   Appellees, clerk and sheriff of Hempstead county, filed in the county court of Hempstead accounts for fees as follows :

Fee-bill, Hempstead county, October term, Circuit Court, 1891.

STATE OF ARKANSAS,
  *v.*                        } *Change venue, Clark county.*
WM. and AB. EASTER,

To C. E. ROYSTON, Clerk :
To issuing 35 jurors' certificates of attendance .............................. $17.50
To J. C. JONES, Sheriff :
Summoning 42 extra jurors ............... 21.00

STATE OF ARKANSAS,
  *v.*                        }
  LUKE SULLIVAN.

To C. E. ROYSTON, Clerk :
Issuing 12 jurors' certificates of attendance.. 6.00
To J. C. JONES, Sheriff :
To summoning 20 extra jurors............. 10.00

STATE OF ARKANSAS,
  *v.*                        }
  JOE J. RICHARDSON.

To C. E. ROYSTON, Clerk :
To issuing 12 juror certificates............ 6.00
To J. C. JONES, Sheriff :
To summoning 35 extra jurors............. 17.50

This fee-bill was disallowed by the county court ; appellees appealed to the circuit court, where the case was tried *de novo* by the court sitting as a jury, and upon the following agreement as to the facts, viz :—

" The cases of the State of Arkansas against Wm. and Ab. Easter, and the State of Arkansas against Luke Sullivan and J. J. Richardson, were tried in Hempstead

circuit court upon change of venue from Clark county, and the plaintiffs, C. E. Royston, as clerk of Hempstead county, and James C. Jones, as sheriff of Hempstead county, performed the services herein charged for. The defendants, Wm. and Ab. Easter and Luke Sullivan, were acquitted, and J. J. Richardson was convicted. As shown by the fee-bill, the services charged for were rendered in connection with the several juries which tried said cases."

Under the act of the general assembly, approved April 6, 1889 (Acts of 1889, p. 120), is Hempstead county liable for the services rendered or Clark county ? The act of 1889 is as follows: " Sec. 1. That within thirty (30) days after the termination of *any* cause, in any circuit court of this State, that was tried on change of venue from another county, it shall be the duty of the clerk of said court to make an itemized statement of *all the expenses incurred* by his county in the trial of any such cause, and present it to the county court of the county in which the cause originated."

" Sec. 2. That the county court to whom *any such bill of costs* are (is) presented, properly authenticated, shall allow the same as if though the case had terminated in his own county."

Prior to the passage of this act, the county where the offense was committed was liable only for those expenses which were proper to be taxed against the defendant, when convicted and not having property to pay, or, in other words, for the " costs in the cause."* The county trying the case was liable for all the current expenses of the court during the progress of the trial. This often placed heavy burdens upon the trial county. Capital cases and other felonies, on change of venue, have been known to consume days, and even weeks, in their adjudication. The expenses incident to holding a

---

* *Independence Co.* v. *Dunkin,* 40 Ark. 331.

court are necessarily great, and, although incurred by reason of an offense committed in another county, they had to be borne by the trial county, under the law before the passage of the act of 1889.

Applying the general rules for the construction of statutes to the above act, we conclude that the legislature intended to relieve the *trial county* by making the *initial county* liable for "all the expenses incurred" by the *trial county* on account of the change, including *the current expenses of the court*, as well as those for which it was already liable, to--wit : *the costs in the cause.* Hence, the word "costs" in sec. 2 should be interpreted. *expenses.* *Haney* v. *State*, 34 Ark. 263 ; *Reynolds* v. *Holland*, 35 *id.* 56 ; *State* v. *Jennings*, 27 *id.* 419 ; *State* v. *Smith*, 40 *id.* 431 ; Sedgwick on Stat. and Const. Law, 354 (n) ; Potter's Dwarris, 214. See also Sutherland on Stat. Con. 341, where the following language is used : "Where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent." This view, we think, gives meaning to the legislative enactment. Under the former law, the court, upon motion of the prosecuting attorney, or anyone interested, or on its own motion, could have ordered the clerk to certify the costs to the proper county, and it was not necessary to pass the act in order to have the clerk certify the costs within a certain time. The clerk, who might reasonably be supposed to be interested in costs due his county, scarcely needed a legislative reminder to cause him to promptly discharge his duty. It follows, from what we have said, that, whether the services charged for be considered as expenses of court, or costs in the cause, in neither case is Hempstead county liable.

This court refuses to consider and determine the question as to whether there is anything due the appellees. I do not concur with the majority in that view. True, the amount involved in this controversy is of small consequence, but it is certainly an important question as to whether the clerk is entitled to any fee for issuing certificates to jurors, and whether the sheriff is entitled to any fee for summoning same. So far as the clerk is concerned, the decision of this court in *Logan County* v. *Trimm,* 57 Ark. 487, is conclusive of the issue as to him. But this court has never yet passed upon the question, as here presented, as to whether the sheriff is entitled to fees for summoning extra jurors, and I deem this question one of sufficient public importance to demand an authoritative announcement from this court. I think it is squarely presented, fully argued, and should be decided.

Reversed and dismissed.