CLARK COUNTY v. KERSTAN.

Opinion delivered May 4, 1895.

1. *Physician—Fee for making* post mortem.

> Where a physician is employed by the coroner to make a *post mortem* examination on behalf of the county, he is not entitled to extra compensation as an expert witness, but is entitled to a fee for making the examination. *Flinn* v. *Prairie County, ante,* p. 204, followed.

2. *Error—When not prejudicial.*

> Where a judgment against a county upon an account is erroneous as to the particular items allowed and disallowed, but is correct as to the amount allowed, the error is not prejudicial.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*J. H. Crawford* for appellant.

The only question in this case is settled by *Flinn* v. *Prairie Co.* 29 S. W. 459. He was not entitled to a fee for expert testimony.

The appellee, *pro se.*

1. A physician is entitled to compensation for *post mortem* examination. 55 Ark. 421–422.

2. Appellee was entitled to compensation as an expert witness. 29 S. W. 459.

WOOD, J. This was a suit against the county for services rendered in a *post mortem* examination, and for expert testimony. The proof shows that the *post mortem* examination was made by the appellee, who was a physician and surgeon, at the request of the coroner. The account was for twenty dollars in two items, viz.: "To *post mortem* examination, $10 ; expert testimony, $10 ; total, $20." The county court rejected the entire account, and, on appeal to the circuit court, the item for expert testimony was allowed, and the item for *post*

*mortem* examination was refused. Judgment was entered accordingly, and the county appealed.

This court, in *Flinn* v. *Prairie County*, *ante*, p. 204, held that an expert witness was not entitled to any compensation beyond the regular witness fees for testimony given as an expert. In that case Judge Riddick said : ''He (the expert) can not be required to make any examination or preliminary preparation, nor can he be compelled to attend the trial, and listen to the testimony, that he may be better enabled to give his opinion as an expert. For any service of this kind he may demand extra compensation.'' It follows from this that, when the appellee made the *post mortem* examination at the instance of the coroner, for this service he was entitled to reasonable compensation ; and the court erred in not allowing it. But he was not entitled to additional compensation for disclosing as a witness the results of the investigation he had made, and giving an opinion which he was enabled to give by reason of that knowledge and skill acquired by devotion to his particular profession. For this he was only entitled to the regular witness fees, and the court should have rejected his claim for expert testimony. The court erred as to the items allowed and rejected ; but, as the amount charged for each item was the same, the judgment on the whole was correct. For the county was justly indebted to appellee in the sum of ten dollars, and it can not complain of a judgment against it for that amount. *Cole* v. *White County*, 32 Ark. 45.

The judgment is therefore affirmed.