HEMPSTEAD COUNTY *v.* GOODLETT.

Opinion delivered January 21, 1905.

1. COUNTY—LIABILITY FOR FEES OF CLERK.—Under Kirby's Digest, § 3493, providing that county clerks shall be entitled to a fee of ten cents "for filing every paper not heretofore specified," a county clerk is not entitled to the above fee, as against the county, for filing reports of justices of the peace or road overseers, or for filing grand jury certificates. *Cole* v. *White County,* 32 Ark. 45, followed. (Page 598.)

2. COUNTY CLERK — PER DIEM FOR ATTENDING BOARD OF EQUALIZATION.—
Kirby's Digest, § 7009, providing that the county clerk shall receive
the sum of $3 per day for each day the county board of equaliza-
tion is in session, did not intend this *per diem* to be extended into
sessions of the county court at which the members of the board
are required to attend to show cause, if any they can, why valuations of
property were raised by the board.  (Page 599.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*George W. Murphy, Attorney General,* and *W. M. Greene,*
for appellants.

Sandels & Hill's Digest, § § 6514, 6531, only allows $3 a day
for attendance on the board while in the discharge of their duties
as an equalizing board.  Their labors as such cease before the
October term of the court following, and they meet to show
cause, in cases of complaint by taxpayers, why the valuations
were raised.  No provision is made by law to pay for filing reports
of justices, road overseers and grand jury certificates.  32 Ark.
45; 25 Ark. 235; 7 Oh. St. 237; 19 N. Y. 326; 30 Cal. 237; 51
Ill. 71; 2 Black, 355.  General provisions do not include the
State or county.  Sedg. on Con. & St. Law, 337; 1 Blackst. Com.
261; 1 Kent. Com. 460; 28 Miss. 753; 2 Mason, 311; 4 Cow. 143.
See 57 Ark. 491; Sand. & H. Dig. § 1237.  Constructive fees not
allowed.  56 Ark. 581; 57 *Id.* 487; 63 *Id.* 315; 64 *Id.* 203; 70
*Id.* 607.

*James H. McCollum,* for appellee.

The services were rendered in obedience to plain mandates
of the law.  Sand. & H. Dig. § § 1257, 6707, 6759, 2065; 39 Ark.
176; 57 Ark. 487; Sand. & H. Dig. § 3309.  Where services
are performed in obedience to a command of the law, or any rule
or order of court, he should be paid.  57 Ark. 487.  The fee for
attending Board of Equalization is authorized by Sandels & Hill's
Digest, § § 6521, 6531.

HILL, C. J. This is an appeal b the county from a contest over county clerk's fees in which the circuit court allowed the clerk the following items: Filing 27 justice of the peace reports, $2.70; filing 29 justice of the peace reports, $2.90; filing 127 road overseers' reports, $12.70; filing 130 grand jury certificates, $13, and 7 days' attendance on the board of equalization before county court at its October term, 1901, at $3 per day, $21.

1. The filing fees above set out are sought to be sustained under this clause of the county clerk's fee bill: "For filing every paper not heretofore specified, 10 cents." Kirby's Dig. § 3493.

Chief Justice Cockrill, in *Logan County* v. *Trimm*, 57 Ark. 487, said: "Three things must be found to concur before the county court is authorized to allow a claim against the county in favor of an officer for fees. 1st. There must be specific statutory authority to the officer to make a charge for the service rendered. * * * 2d. He must be required by the statute, or by the rules of practice or order of the court, to perform the service. 3d. The statute must indicate expressly or by fair intendment the intention to permit the fee allowed by the statute for the service to be charged against the county."

Literally, the statute quoted applies, and the three elements concur, if it is the intention to permit this fee to be charged against the county.

In *Cole* v. *White County*, 32 Ark. 45, the court held that this fee of ten cents for filing papers did not apply to filing oaths of school directors, which the court held was a public duty incumbent on the clerk for which he received his compensation in the general emoluments of his office, and not from this service; and this fee applied to services rendered individuals, and not to the public, public officers or the county. That this is one of the burdens which accompanies the office. It is insisted that the case of *White County* v. *Cole*, 32 Ark. 45, has been overruled. Without attempting to reconcile all the various items therein passed upon with subsequent decisions, it is sufficient to say that on this exact item of ten cents for filing papers the case has not been overruled, nor the point decided subsequently inconsistent with it. The court has not found the inconsistency on other points which counsel for appellee insists exist, but a discussion of those points would be immaterial herein. This case has been followed

and approved in the following decisions: *Logan County* v. *Roady,* 56 Ark. 581; *Clark County* v. *Kerstan,* 60 Ark. 508; *Logan County* v. *Trimm,* 57 Ark. 487; *State* v. *Blackburn,* 61 Ark, 407; *Duncan* v. *Scott County,* 70 Ark. 607; *Click* v. *Sample, ante,* p. 194.

The court declines to overrule *Cole* v. *White County,* and it is decisive against the allowance of these filing fees.

2. The county board of equalization meet every year in September to equalize the assessments. The county clerk is clerk of the board, and section 7009, Kirby's Digest, provides that he shall receive the sum of $3 per day for each day said board is in session. The county court meets in October, and the board must notify property owners when they have raised their valuations of the same, so that they may appear in the October term of the county court to show cause, if any they can, why the valuation of their property should not have been raised. The board is required to attend at this term, and show cause, if any they can, why such valuations were raised. Kirby's Dig. § § 6998, 6999.

The item now in controversy is for the clerk's attendance at the county court when the board was present in obedience to the above statute. The board is there then in the nature of respondents to the complaints of taxpayers, for the purpose of giving information to the county court. Its sessions as a board requiring the duties of the county clerk, as clerk of the board, ended before this term of the county court began, and he is in attendance on that term in his capacity as county clerk, and receives compensation therefor. The statute did not intend this *per diem* to be extended into sessions of the county court at which the board is in attendance, and upon which he is in attendance in his capacity as clerk of the court. The allowance of this item was therefore erroneous.

The case is reversed, with directions to enter judgment against the clerk as to these items involved in this appeal.