OUACHITA COUNTY *v.* CHIDESTER.

Opinion delivered May 15, 1911.

SHERIFFS AND CONSTABLES—LIABILITY OF COUNTY FOR FEES OF SHERIFF.—A county is liable, under Kirby's Digest, § 2843, for fees and mileage of the sheriff in serving on the judges of election for each voting precinct of the county notice of their appointment by the board of election commissioners.

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; affirmed.

*Warren & Smith,* for appellant.

The county is not liable. The statute making it the duty of the sheriff to deliver to judges of election notice of their appointment does not provide or allow a fee for that service. Kirby's Dig. § 2765. See also Kirby's Dig. § § 3508, 2843, 2845.

Constructive fees cannot be allowed, but only such fees as are specifically allowed by law. Kirby's Dig. § 1458; 61 Ark. 71; 25 Ark. 236; 57 Ark. 487.

*Gaughan & Sifford,* for appellee.

The county is liable to the sheriff for fees and mileage in this case. One of the "other things" covered by section 2843, Kirby's Dig., is that the sheriff serve notices of appointments on the judges appointed by the board of election commissioners. See also Kirby's Dig. § 2765. The fees and mileage charged are authorized by section 3502, unless as to the mileage it was a "county matter;" but this was not a county matter. 39 Ark. 177.

HART, J. In September, 1910, W. P. Chidester was sheriff of Ouachita County, and was not a candidate for office at the general election to be held that year. Pursuant to the provisions of section 2765 of Kirby's Digest, he served notice of their appointment by the board of election commissioners on the judges of election for each voting precinct in the county. He presented his claim for service and mileage, duly verified, to the county court, and his account was not allowed. He appealed to the circuit court, where his claim was allowed, and the county, in turn, has appealed to this court. It is conceded that the statute above referred to required the sheriff to perform the services rendered; but counsel for the county contend that there is no statutory authority to the officer to make a charge for the service rendered; and that there is no statute which allows a fee for such service to be charged against the county. See *Logan County* v. *Trimm,* 57 Ark. 487. Counsel for the sheriff contend that there is authority to make the charge under section 3502 of Kirby's Digest. This statute contains the regular fee bill for sheriff's services, and is, in part, as follows:

"For serving each notice, or rule of court, notice to take depositions, or citations to executors, administrators or guardians, fifty cents."

"For mileage in serving each writ, process, notice, subpoena or rule, except county matters, for each mile circular, 5 cents."

It must be presumed that section 2765, *supra,* provides that their appointments shall be served on the election judges by the sheriff in order that they may have due notice thereof, to the end that they may appear at the voting precincts and perform the duties required of them. The county is liable because by fair intendment it was the intention of the Legislature to allow the fee for the service to be charged against it. Section 2843 of Kirby's

Digest, which is a part of our election laws, reads as follows: "All printing and other things required by this act to be done * * * shall be at the expense of the several counties in which they shall be done, respectively, and shall be defrayed in the same manner as other county general expenses are defrayed."

We do not think the case of *School District of Ft. Smith* v. *Williams*, 61 Ark. 71, is an authority in favor of the county. There the sheriff was not allowed fees for delivering the commissions to the judges of the school election because he was not required by law to perform the service. Here he is expressly directed by statute to perform the service, and the county is by statute required to bear the expense. The sheriff, therefore, is entitled to charge the same fee the statute provides for serving of other notices, and the amount thereof is chargeable against the county.

Lastly, it is contended that the county is not chargeable with mileage because the service rendered is a county matter. We think the county is precluded by the decision in the case of *Williams* v. *Hempstead County*, 39 Ark. 176. There it was held that the sheriff was entitled to mileage for summoning grand and petit jurors, although the statute provided a lump sum for serving each jury. It was contended there as here that such service was a county matter, for which mileage could not be charged.

There is a clause of section 3502, *supra*, which provides that "for serving each order or rule of county court (but no mileage) seventy-five cents ($.75)," and the court held that the words "except county matters" referred to orders or rules of the county court.

It follows that the judgment must be affirmed.

KIRBY, J., dissents.