CHICOT COUNTY V. KRUSE.

1.  JURISDICTION: *Of county court over county expenses.*
    The county court has original exclusive jurisdiction to audit, settle and direct the
    payment of all demands against the county, including contingent expenses in
    the circuit court.

2.  COUNTY COURT: *Certificate of circuit judge not conclusive as to expenses.*
    The certificate of the circuit judge of expenses of the circuit court to be paid by
    the county is not conclusive upon the county court as to the amount of compen-
    sation to be allowed where the fees for the services rendered are not fixed
    by law.

3.  MANDAMUS: *None to compel unlawful acts.*
    Mandamus never lies to compel the officers of a county to do an act which is
    forbidden, or not authorized, by the laws of the state.

APPEAL from *Chicot* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*D. H. Reynolds* for Appellant.

The circuit judge allowed and ordered paid a bill for $1174
for feeding jury 587 meals.

The county court refused to pay it.

Claimant applied for mandamus to compel payment, setting
up allowance by circuit judge and refusal of county court, and
that county scrip was worth twenty-five cents on the dollar
and that meals were worth fifty cents in currency, and that
the account was made accordingly.

County judge answered that the claim was not verified;
that the account was excessive and based on depreciated scrip,
and that the county court had no authority to pay such a bill,
but was willing to pay the bill at fair price in currency.

The claimant demurred and the demurrer was sustained
and mandamus awarded, and the county appealed.

Chicot County v. Kruse.

The appellant submits that the court below erred in sustaining the demurrer and in awarding the mandamus.

*Sections 601 and 602 of Gantt's Digest* and the amendments thereto prohibit the county court from allowing claims against the county for a sum in excess of the cash value of the services or articles furnished; and the fact that scrip is depreciated does not warrant an additional issue of it. *Goyne v. Ashley county, 31 Ark., 552; Union county v. Smith, 34 Ark., 684; Shirk v. Pulaski county, 4 Dillon, 209.*

These cases are decisive of this case, unless the proviso in the act of March 21, 1881, (*Acts of 1881, p. 131*), takes this class of cases out of the general rule as to claims against the county, and it is submitted that such is not the effect of the proviso.

The county court was right in refusing to allow the claim, or even to consider it, until the affidavit was made to it as required by law, and it can not be forced by mandamus to allow the claim.

As the petition and answer showed the amount due, and as the county judge was willing to allow that amount, the court below should either have denied the mandamus entirely or have allowed it only for the amount due; and it is submitted that it should have been denied, as mandamus should not issue if the thing to be done may be done without it.

In the case before us there is an attempt to obtain a demand in violation of the plain letter of the law, on the certificate of the circuit judge, by the extraordinary process of mandamus.

*C. H. Carlton* for Appellee.

The only authorities relied on by the appellant are the decisions of this court in *Goyne v. Ashley county, in 31 Ark., 552,*

and *Union county v. Smith, in 34 Ark., 684*, and in support of these cases he cites the case of *Shirk v. Pulaski county, in 4 Dillon, 209*.

Both the case of *Goyne v. Ashley county, supra,* and *Union county v. Smith,* as well as the case from *4 Dillon,* seem to be alone an effort to construe and give force and effect to *Sections 601–602, et sequiter, of Gantt's Digest,* and the amendatory act of 1875, which only gives the manner and form of procedure in such cases as originate in the county court, and in which such court was invested with the authority to audit and determine the amount that ought to be paid, and these sections and the opinions relied on by the appellants all seem to be predicated on *Section 1176 of Gantt's Digest,* which was passed as far back as 1838 ; and appellant's counsel ask in that connection if the county court has no discretion. We think not, in matters of this kind, notwithstanding the opinion in *Union county v. Smith, supra.*

In the construction of these laws we take it that the court will give only such as was clearly the intention of the legislature, or such as the nature of the case and the interest of the public, conformable to such intention, demand. Now, if the legislature intended that no special provision should be made for extraordinary expenses attending the administration of the laws in the circuit court why did they pass the acts as recited in *Sections 624, 625 and 1204 of Gantt's Digest,* and are these acts repealed by anything contained in the Acts of 1875 or of any subsequent act now in force ? We hold that the act of *Sections 624–625 of Gantt's Digest* is still in force and obligatory on the county courts; that they are not inconsistent with any act passed subsequent thereto, and that in conformity therewith the county is bound to provide for the extraordinary expenses of the circuit court, and that the sole arbiter of such expense is the circuit judge ; and *Section 1204* is only a reiteration of that authority.

Chicot County v. Kruse.

In *Union couuty v. Smith* the court seems to have based its opinion on public policy alone, without attempting to reconcile the conflicting sections of the law we have referred to, and although that case seems closely analogous to this in respect to the actual facts involved, it is not exactly similar in situation. In that case the account was originally presented to the county court for allowance, whereas in this case we ask to invoke the power of the circuit court to enforce· one of its own orders or judgments, as we think it is fully authorized to do by *Section 1204, supra.* But we differ with the court in that case as to what is the true public policy in such matters, and submit that the tendency of such policy is the reverse of that laid down in that case. The legislatures have enacted certain laws, appointed courts and officers to enforce them, and required them to enforce them a certain way. Now, it would be a farce to say that such laws are in force and at the same time to give such construction to subsequent acts as to take away from such officers the power to enforce them. It is a great constitutional privilege that you can not take private property for public use without proper compensation.

The penal laws of the land require in certain cases that extraordinary expenses may be incurred in their administration; that juries shall be kept together, prisoners guarded, etc., and under that constitutional protection you can not make one man bear the burden. The courts of the country, we take it, are powerless to evoke or avoid fluctuations in the value of the scrip of the several counties; it always has been so, and, we presume, always will be so.

The laws of the land say that when a citizen contributes his means or his services for the public, in such cases he shall be paid in warrants on the treasurer. Now, if these warrants are depreciated, you must give him enough to make him adequate compensation. The effect of the construction in the Union county case will be to tie up the hands of the courts in

the enforcement of the laws, or to send every criminal case to this court, to be returned and ground over in the same mill.

But outside of the cases cited and the reason given by appellants, we take it that the act of March 21, 1881, which is subsequent to all the cases where the question has been before the court, by its express reservation saves and provides for just such cases as this, and that the same was a re-enactment and reiteration of *Sections 625 and 1204 of Gantt's Digest*, as referred to, and that the county court has no discretion in such matters.

If force or effect is given to the several sections referred to, and to the act of 1881, there can be no question of the right of the circuit judge to use the writ of mandamus to enforce the payment of the claim.

SMITH, J.    Kruse applied to the circuit court for a mandamus to compel the county court to pay his bill of $1174 for 587 meals furnished to the jury which tried the case of State v. Maclin, on an indictment for murder. The petitioner represented that he had fed the jury under the directions of the circuit court in which said trial took place; that his account had been approved by the circuit judge and certified down as extraordinary expenses incurred in holding the court, and payment thereof had been ordered; but the county court had refused to audit or pay his claim; that the value of the meals so furnished by him was fifty cents each, estimated in currency, but Chicot county scrip was worth only twenty-five cents in the dollar.

An alternative writ was issued, and in response the county judge showed for cause that the claim was not properly verified under *Section 1412 of Mansfield's Digest*, which requires the exhibitor of every such claim to swear, among other things, that his demand has not been enlarged, or enhanced, or made

Chicot County v. Kruse.

greater in consequence of any depreciation in the value of county warrants; that the amount charged was exorbitant, being based on the depreciated condition of county scrip, and there was no authority for allowing such amount in depreciated scrip as would be the equivalent of the usual charges in currency, but only such an amount as would in currency be a fair and customary price for the meals furnished.

To this answer a demurrer was sustained and a peremptory mandamus was awarded.

By virtue of our constitution and laws, the county court is invested with exclusive original jurisdiction to audit, settle, and direct the payment of all demands against the county. *Constitution of 1874, art. 7, sec. 28; Mansf. Dig., sec. 1407.*

1. JURISDIC- TION: Of coun- ty court over county expenses

Contingent expenses accruing in the circuit court form no exception to this rule. *Ib., sec. 1488.*

The certificate of the circuit judge is not conclusive upon the county court as to the amount of compensation to be allowed where the fees for the services rendered are not fixed by law. *Jefferson County v. Hudson, 22 Ark., 595; Union County v. Smith, 34 Id., 684.*

2. Certificate of circuit judge not conclusive.

And the county court is expressly prohibited from allowing any greater sum against the county than is actually due in money. *Mansf. Dig., sec. 1411; Barton v. Swepston, 44 Ark., 437;* and cases there cited.

As was said by Chief Justice English, in *Union County v. Smith, supra.:* "All who serve the public must receive such compensation for their service as the law provides."

Now, the writ of mandamus never lies to compel the officers of a county to do an act which is forbidden, or not authorized by the law of the State. *Supervisors v. United States, 18 Wallace, 77; United States v. County of Clark, 95 U. S., 769; United States v. Labette County, 2 McCrary, 25; S. C., 12 Cent. L. Jour., 36; State ex rel. Watkins v. Macon*

3. MANDAMUS: None to do an unlawful act.

*County Court, 68 Mo., 29; S. C., sub nomine State v. Walker, 7 Cent. L. Jour., 390.*

The judgment is reversed and cause remanded to the circuit court, with directions to dismiss the petition at the costs of the petitioner.