HEMPSTEAD COUNTY v. HARKNESS.

Opinion delivered January 21, 1905.

1. CLERK'S FEES—INDEXES—LIABILITY OF COUNTY—Under Kirby's Digest, § 3490, allowing the circuit clerk a fee of ten cents "for indexing each case, each item," this clerk is not entitled to recover such fee from the county for indexing orders of court regarding commissioners of accounts and regarding the petit and grand juries. (Page 601.)

2. SAME—EJUSDEM GENERIS.—Under the rule which confines the meaning of additional words of general description to the class of preceding specific words, in the statute which allows the circuit clerk a fee of ten cents "for filing complaint, answer, reply, petition, demurrer, affidavit or other paper in a cause" the general words "affidavit or other paper" should be confined to the specific class to which complaint, answer, reply, petition and demurrer belong, namely, a civil suit. (Page 602.)

3. COSTS—CONSTRUCTION OF STATUTES.—Statutes regulating costs are to be strictly construed against the party claiming fees under them. (Page 603.)

4. CLERKS—RECORD OF INDICTMENTS—FEE.—Kirby's Digest, § 2249, making it the duty of the circuit clerk to record indictments, without providing a fee therefor, the clerk is not entitled to charge the county therefor under Ib., § 3490, providing that the clerk shall receive "for copies of bonds and papers, for every 100 words, 10 cents." (Page 603.)

5. STATUTE—EFFECT OF AMENDMENT.—Kirby's Digest, § 2470, which amends the prior law by providing that counties shall be liable for costs where a nol. pros. has been entered in a criminal or penal case pending under indictment, must be read into all sections of existing law necessary to make it effective. (Page 603.)

6. COUNTY—COSTS IN CRIMINAL CASES—CERTIFICATE OF CIRCUIT COURT.—The certificate of the circuit court as to the costs in criminal cases chargeable against a county is not conclusive on the county court. (Page 603.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*George W. Murphy, Attorney General,* and *W. M. Greene,* for appellant.

1. No fee is allowed for recording indictments. 32 Ark. 45. Section 3306, Sandels & Hill's Digest, allows no such fee. No constructive fees allowed. 56 Ark. 581; 57 *Id.* 487; 32 Ark. 45; 70 *Id.* 607. The county not liable for fee for entering order of appointment by special bailiffs and deputy sheriffs, the sheriff being liable. 57 Ark. 487. He is only allowed 50 cents for certifying cost to the county court. 57 Ark. 487. No fee for indexing commissioners' accounts, petit jury orders, etc., is allowed; but only a fee for indexing *each case.* Sand. & H. Dig. § 3306; 32 Ark. 45. No fees allowed in *nol. pros.* cases. 30 Ark. 431; 10 Ark. 467; 47 *Id.* 80; 50 *Id.* 431.

*James H. McCollum,* for appellee.

1. The fee for indexing approved in 56 Ark. 253; 57 *Id.* 487.

2. Costs of filing in cases dismissed by grand jury are clearly chargeable. Sand. & H. Dig. §§ 3306, 3333.

3. The law requires indictments to be recorded, and the county is liable. 39 Ark. 176.

4. In *Logan County* v. *Trimm.* 57 Ark. 487, it was held that fees for copying orders of court appointing commissioners of accounts, issuing summons for jury commissioners, and for orders in matter of grand and petit jurors were legitimate charges.

5. Fees in *nol. pros.* cases clearly allowable. Sand. & H. Dig. § 2316

HILL, C. J. This is an appeal by the county from a contest over circuit clerk's fees. A preliminary question was raised by the Attorney General as to the appeal from the county court, but the record brought here by certiorari eliminates that question.

1. The first items are for indexing orders of court regarding commissioners of accounts, regarding the petit jury, and regarding the grand jury. The statute allows the circuit clerk: "For indexing each case, each item, 10 cents." Kirby's Dig. § 3400. Appellee relies upon *Trimble* v. *Ry.* 56 Ark. 249, and *Logan County* v. *Trimm,* 57 Ark. 487, to sustain these items. *Trimble* v. *Ry.* was a civil suit, and it was contended by the railroad that

this fee for indexing was for each case each term. The clerk contended that it referred to every order made in the case which he was required to index. The court held that the clerk was required to make a complete index of the record, and that such index should point to every record entry, and that the clerk was entitled to the fee for it. While deciding that the clerk must index all these orders, it does not decide that such routine orders are charged against the county. It only reached to the question between individuals. *Logan County* v. *Trimm,* 57 Ark. 487, is not an authority to sustain appellee. On the contrary, that case is decisive against him. Chief Justice Cockrill said therein: "Again, a fee is expressly allowed the clerk for every order entered by him; he enters an opening and adjourning order on every day of the court; but these orders are requisite only to the history of the judicial proceedings of the court making them. They are not incident to business which the statute indicates shall be at the charge of the county, and it cannot be said that the statute intends to cast the liability on the county clerk. The clerk therefore gets nothing for the service. It is a burden that accompanies the office." These orders are but part of the "history of the judicial proceedings of the court making them." Their entry and index are part of the burden of the office.

2. The next items are for filing "all and several" papers in various cases which went before the grand jury from justices' courts, and were dismissed by it. The clerk must file and present these papers. Kirby's Dig. § 2157. The fee therefor is sought to be justified in this clause: "For filing complaint, answer, reply, petition, demurrer, affidavit or other paper in a cause, 10 cents." Kirby's Dig. § 3490. The words "complaint," "answer," "reply," "petition," and "demurrer," are all well known legal terms, applicable to certain papers in civil causes. "Affidavits" may be filed in either civil or criminal causes, and "other papers" is, of course, a general term. It is an old and settled rule of statutory construction which confines the meaning of additional and general descriptive words to the class to which the preceding specific words belong. *Eastern Arkansas Hedge Fence Co.* v. *Tanner,* 67 Ark. 156; *Matthews* v. *Kimball,* 70 Ark. 451; Sedgwick, Stat. Const. (2d Ed.) pp. 360, 361; Endlich, Interpretation of Statutes, § § 400-407; Sutherland, Stat. Const. 268-276. This rule would

confine "affidavit" and "other paper" to the specific class to which "complaint, answer, reply, petition and demurrer" belong, a civil suit. This rule is especially applicable to statutes regulating costs, which are to be strictly construed against the party claiming fees under them. *State* v. *Blackburn,* 61 Ark. 407.

3. The next items are for recording indictments. It is argued that, under the rule in *Logan County* v. *Trimm,* 57 Ark. 487, allowing fees to officers for services expressly required of them, this fee should be allowed; but that rule is limited in the Trimm case, and all others, to fees specifically provided for. Probably, the clause under which the clerk claims is: "For copies of bonds and papers for every 100 words, 10 cents" Kirby's Dig. § 3490. But whatever he may claim under, there is a specific fee for his services in this matter, and his compensation is necessarily limited to it. "For each indictment returned into court, 50 cents." Kirby's Dig. § 3490. This came from the act of 1875, and at that time the filing and preservation of the indictment was his only duty in regard to it for which he received this fee. In 1881 the General Assembly passed an act making it his duty to record indictments (Kirby's Dig. § 2249); but made no provision for further fees in this behalf. Therefore the duty rests upon the clerk to file, preserve and record the indictment for the fee allowed by statute for each indictment returned into court.

4. The next item is for fees in case where *nolle prosequis* had been entered by the prosecuting attorney. In *Stalcup* v. *Greenwood District,* 44 Ark. 31, and *Craighead County* v. *Cross County,* 50 Ark. 431, it was held that counties were not liable for costs in either misdemeanors or felonies where a *nolle prosequi* had been entered. The next General Assembly meeting after the decision in the last case amended the statute so as to make cases dismissed by *nolle prosequi* on the same basis as cases tried resulting in acquittal. Kirby's Dig. § 2470. The General Assembly, however, failed to amend section 2472, Kirby's Digest, as to the circuit court certifying to cases tried therein in which the county was liable. The Attorney General argues that, as the circuit court cannot certify costs accruing in these cases, the old rule shall prevail as to officers. This position is not tenable. This amendment must be read into all sections necessary to make it

effective, *Mondschein* v. *State,* 55 Ark. 389; *Helena* v. *Hornor,* 58 Ark. 151. Besides, the certificate of the circuit court is not conclusive as to the liability. *Chicot Co.* v. *Kruse,* 47 Ark. 80; *Craighead Co.* v. *Cross Co.,* 50 Ark. 431. The fees earned in cases where *nolle prosequis* had been entered were proper charges, and the judgment is affirmed as to those items; as to all others it is reversed.