## PHILLIPS COUNTY *v.* JACKSON.

### Opinion delivered February 24, 1908.

DEPUTY PROSECUTING ATTORNEY—FEES.—To entitle a deputy prosecuting attorney to claim fees for a conviction in a criminal case, under Kirby's Digest, § § 6389, 6390, the following requirements must exist: (1) it must be one of the offenses enumerated in Kirby's Digest, § 6388; (2) such deputy must have personally appeared" and prosecuted the case; (3) if the prosecution is based upon an information filed by such deputy defendant must have pleaded not guilty and asked for trial, but if the prosecution is based upon an affidavit or otherwise the defendant must have pleaded not guilty and secured the services of an attorney to represent him on the trial.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*R. W. Nicholls* and *John I. Moore,* for appellant.

The act of May 1, 1905 (Acts 1905, p. 560), does not apply to Phillips County, hence the statute, Kirby's Digest, § 6387-6390, inclusive, controls. Under these statutes, appellee is not entitled to recover unless he shows that the defendants for whose

conviction he claims fees (1) pleaded not guilty, (2) demanded a trial, and (3) secured the service of an attorney to represent them.

No officer of this State is allowed fees except such as are expressly authorized by statute. For what is necessary to authorize an allowance, see 57 Ark. 487.

*Bevens & Mundt,* for appellee.

Sections 6388, 6389, authorize the deputy prosecuting attorney to file information in certain cases, and make it his duty to be present and prosecute in the event of a plea of not guilty. On a plea of guilty, after information filed, the full duty of the deputy has been performed, and he is entitled to his fee.

Section 6390 was evidently intended to cover cases where information has been filed by some other person than the deputy prosecuting attorney himself.

McCULLOCH, J. The point involved in this appeal is whether or not a deputy prosecuting attorney is entitled to a fee for conviction in a criminal case before a justice of the peace where he filed an information, and a warrant of arrest was issued thereon, and conviction followed upon a plea of guilty. .That officer filed the information in this case and appeared in the prosecution, but there was no trial, for the reason that the defendant entered a plea of guilty.

Section 6388 of Kirby's Digest authorizes deputy prosecuting attorneys to file informations before justices of the peace charging persons with the offenses of carrying weapons unlawfully, the unlawful sale of or being interested in the sale of intoxicating liquors, violation of the blind tiger act, or gambling. The two succeeding sections of the statute are as follows:

"Sec. 6389. Whenever any person shall have been arrested under a warrant issued in accordance with the preceding section, and shall plead not guilty and demand a trial on the charge therein, it shall be the duty of the deputy prosecuting attorney to attend and prosecute such charge on behalf of the State, and in the event of a conviction he shall be allowed the same fees as are now allowed in similar cases in the circuit court.

"Sec. 6390. In any criminal action pending before any justice's court, where the defendant is charged with any offense

mentioned in section 6388 by affidavit or otherwise, and shall plead not guilty, and shall secure the services of an attorney to represent him on the trial, it shall be the duty of the justice to cause the prosecuting attorney, or deputy for such county, to be notified of the nature of the charge and the time and place of the trial, and such prosecuting attorney shall attend and prosecute in behalf of the State, and in case of conviction shall be allowed the same fee as is now allowed for similar cases in the circuit court. And no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the case, nor shall any court tax any fee where such officer does not appear and personally prosecute."

The concluding paragraph of section 6390, providing that no prosecuting attorney or his deputy shall receive any fee unless they personally appear and prosecute in a case, manifestly applies to both of the two sections just quoted; and in no case can either of those officers receive a fee in a justice's court unless he personally appears and prosecutes. Whenever the warrant is issued upon information filed by the deputy prosecuting attorney, and the defendant pleads not guilty and demands trial, it is the duty of that officer to attend and prosecute, and in no other event. There is nothing in the statute which requires him to attend and prosecute, unless a plea of not guilty is entered and demand is made for trial.

There is a distinction between the two sections quoted in this—that in any prosecution before a justice of the peace for the offenses named, whether on information filed by the deputy prosecuting attorney or not, if the defendant pleads not guilty and secures the services of an attorney to represent him in the trial, then it is made the duty of the justice of the peace to cause the prosecuting attorney or his deputy to be notified, and that officer is required to attend and prosecute. It follows that, under the last-named section, he has no right to prosecute and receive a fee unless the defendant procures counsel and demands trial; but under section 6389, where the prosecution is based upon the information filed by the deputy prosecuting attorney, it is his duty to attend and prosecute where a plea of not guilty is entered and demand is made for trial, whether the defendant

procures counsel or not; and in the event of conviction under those circumstances the officer is entitled to a fee.

The right to charge a fee must be found in the strict letter of the statute, otherwise it does not exist. If a deputy prosecuting attorney is entitled to a fee at all, it must·be under authority of section 6389. That section, however, only authorizes a fee where the prosecution is based upon an information filed by the deputy prosecuting attorney, and where the accused has entered a plea of not guilty and demanded a trial on the charges. In that event only is the officer required to attend and prosecute; and in that event only where conviction follows is he entitled to a fee. The statute prohibits him from receiving a fee unless he appears and prosecutes; and he can not appear and prosecute in a case where the statute does not require or authorize him to do so. If he appears and prosecutes under any other circumstances, he is a volunteer, and is not entitled to a fee.

Fees chargeable against a county or against a defendant in a criminal prosecution must be clearly authorized by law. The right to charge fees can not be taken by implication, but must be clearly expressed in the law. *Logan County* v. *Trimm,* 57 Ark. 487; *Craighead County* v. *Cross County,* 50 Ark. 431.

It appears from the statute quoted that the Legislature did not intend to allow the deputy prosecuting attorney a fee in any case where the only service performed is the filing of information; but the fee is based upon the performance of a more substantial service in prosecuting a defendant who is resisting conviction. The exclusion of compensation for that service may seem harsh and arbitrary; but with that we have nothing to do. We must take the law as we find it enacted by the lawmaking power.

Reversed and remanded.