## PEAY *v.* SEARCY COUNTY.

### Opinion delivered June 17, 1912.

COUNTY—LIABILITY FOR COSTS IN CRIMINAL CASES—ALLOWANCE.—Under Kirby's Digest, section 2333, providing that where a criminal cause is tried upon a change of venue the clerk shall make out a statement of all costs accrued therein for which counties are liable, and the same, if correct, shall be so certified by the circuit judge trying the cause, and the same shall be transmitted to the county clerk and allowed and paid by the county court, *held* that the county court could not allow a claim for costs in a criminal case not certified by the circuit judge or court trying the cause.

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; affirmed.

*S. W. Woods,* for appellant.

The court erred in holding that no recovery could be had because appellant had made or filed no motion to retax his cost in the Boone Circuit Court, but had attempted to recover by presenting an account to the county court of Searcy County. Kirby's Dig., § 987; *Id.* § 1453; 4 Ark. 473; 10 Ark. 467; 47 Ark. 80; art. 7, § 28, Const. 1874.

*Appellee, pro se.*

Appellant adopted the wrong procedure. The circuit court had full jurisdiction to adjust the matter of costs and to allow or disallow the items thereof. On refusal to allow appellant's claim, his remedy was to move to retax the costs, and to appeal from an adverse decision on the motion. 10 Ark. 467, 473; Kirby's Dig., §§ 2333, 2472; 11 Cyc. 289 (J); *Id.* 289 (K); 69 Ark. 577.

McCULLOCH, C. J. Appellant was summoned as a witness for the accused in a criminal prosecution for felony pending in the circuit court of Boone County on change of venue from Searcy County. The accused was acquitted, and appellant proved up his fees for attendance before the circuit clerk of Boone County. The clerk included said fees in the list prepared by him for certification by the circuit judge, but the circuit judge struck them out. Appellant afterwards presented the bill for his fees to the county court of Searcy County, but the same was disallowed, and on appeal to the circuit court the judgment of that court was against the appellant. An

appeal has been prosecuted from the judgment of the circuit court of Searcy County disallowing the claim. The statute provides that "in all cases where the county shall be liable to pay the costs and expenses in criminal cases the circuit court in which the case was tried shall adjust the same and cause the same to be certified to the county court." Kirby's Digest, § 2472.

In *Ouachita County* v. *Sanders*, 10 Ark. 467, the court, in construing that statute, said:

"The object of the Legislature, in selecting the court where the trial was had as the proper tribunal in which to settle and adjust the costs and charges of the prosecution, is quite apparent. The witnesses, the claimants, and the records were before the court, and many of the charges incurred by the order of the court; no tribunal was, therefore, so well prepared to liquidate and settle the costs as that court. * * * Thus bringing together before the court that is to pass upon the claim the evidences necessary to fix upon the county its liability, which are, that there has accrued a definite, ascertained, and liquidated amount of costs in the prosecution of a criminal offense committed within the limits of such county, for which purpose the certificate of the court is conclusive evidence, and that the defendant is not liable to pay the same by reason of his acquittal, or is unable to pay it; which facts are to be evidenced by the record or certificate of the court of that fact, as provided by section 218. When these are presented to the county court by legal and competent evidence, then, and not before, it becomes the duty of the court to pass upon or allow the claim."

In *Chicot County* v. *Kruse*, 47 Ark. 80, there was involved a claim against the county of a hotel keeper for furnishing meals to the jury which tried a criminal case, and the circuit court, in its adjustment of the costs, had allowed the claim for the full amount, but the county court refused to allow or pass upon the claim unless an affidavit was made in accordance with Kirby's Digest, § 1453. Judge SMITH, speaking for the court, said:

"The certificate of the circuit judge is not conclusive upon the county court as to the amount of compensation to

be allowed where the fees for the services rendered are not fixed by law."

The question now presented is, whether the county court is precluded from allowing expenses of a criminal prosecution in the circuit court not certified by that court. We think the case of *Ouachita County* v. *Sanders* answers that question in the affirmative, for it is there held, in so many words, that the certificate of the circuit court is conclusive evidence of the amount of costs for which the county is liable. It necessarily follows from that decision that where the circuit court fails or refuses to certify the costs the county court can not disregard the certificate and allow the claim, but the remedy must be sought elsewhere. It may be said that this works a hardship on the claimant who has been compelled to serve the public, but that, too, is answered by the court in the case just cited by the statement that liability of the county for costs of a criminal prosecution rests entirely upon statute, and that the statutory conditions upon which the liability rests must be shown to exist before the claim can be established. The claimant is not, however, without remedy. The adjustment of the costs is made in his absence, and when he is not a party to the record, but he can apply to the court on a subsequent day or term for retaxation of the costs so as to include his claim; and if relief is denied in that way, he has his remedy by appeal. The statute with respect to costs which accrue in criminal trials on change of venue is similar to the statute already referred to, except that it provides that the certificate shall be made by the circuit judge, instead of the court. The statute reads as follows:

"It shall be the duty of the clerk of the court trying any such cause, immediately after the trial of any cause, to make out a statement of all costs accrued in said cause and for which counties are liable under existing laws, and the same, if correct, shall be so certified by the judge of the court trying the cause, and the clerk shall thereupon transmit the same to the county clerk of the county in which said cause originated, and said costs shall be allowed and paid by said county to the party entitled to the same." Kirby's Digest, § 2333.

The certificate of the judge is not a judicial act, but the court undoubtedly has power to correct the certificate made

by the judge and retax the costs. That remedy is open to the claimant whose bill for fees has been omitted from the judge's certificate. We are of the opinion that the county court, in allowing expenses of the circuit court, must confine itself to those items which are embraced within the certificate of the circuit court or judge. Giving the statute that construction does not invade the jurisdiction of the county court or limit the power of the Legislature with respect to such expenses to make the certificate of the trial court or judge the sole evidence of the liability of the county. The circuit court or judge must certify the correctness of the bill of fees or expenses, and under sections 1452 and 1453 of Kirby's Digest the county court has the power to inquire into the amount of compensation to be allowed, except where the fees for services rendered are fixed by law. It follows that the county court of Searcy County was correct in refusing to allow appellant's fees. The judgment of the circuit court is therefore affirmed.