## W. A. KRUEGER COMPANY *v.* ST. BERNARD'S REGIONAL MEDICAL CENTER

79-264                                    590 S.W. 2d 1

Opinion delivered November 26, 1979
(In Banc)

*Robert S. Kirschenbaum,* Scottsdale, Arizona and *Kelly W. Webb,* of *Webb & Houston,* for appellant.

*Branch & Thompson,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee obtained a judgment against Homer Dutton and served writs of garnishment upon the appellant. The appellant, as garnishee, filed three successive answers to the appellee's interrogatories, each admitting that the garnishee owed Dutton a certain amount and stating that the garnishee "will turn over such withheld sum less reasonable Garnishee fees of $20 incurred in preparation of this answer [Ark. Stat. Ann. § 31-146 (Repl. 1962)], upon receipt of an Order of this Court to that effect." This appeal is from a judgment against the appellant for the full amounts owed by it to Dutton, without deduction of the three garnishee's fees, totaling $60. For reversal the appellant argues that it is entitled to the asserted fees, each of which is itemized (and erroneously totaled) as follows in the appellant's brief:

| Secretarial expense | $12.25 |
|---|---|
| Postage (certified letter) | 1.75 |
| Telefax and long distance charges | 6.00 |
| Review of pleadings by counsel | 5.00 |
| | $20.00 |

The pertinent language of the statute relied upon reads:

> [The garnishee] shall not be subjected to costs beyond those caused by his resistance of the claim against him; and if he discloses the property of the defendant in his hands, or the true amount owing by him, and delivers or pays the same according to the order of the court, he shall be allowed his costs. [§ 31-146, *supra.*]

We have not decided this precise point, but there is nothing in this statute to except it from our general rule that statutes regulating costs are strictly construed against the party claiming them. *Peay* v. *Pulaski County,* 103 Ark. 601, 148 S.W. 491 (1912); *Hempstead County* v. *Harkness,* 73 Ark. 600, 84 S.W. 799 (1905). Here the particular items claimed by the appellant are either attorney's fees or miscellaneous expenses incidental to litigation. Such items are not recoverable, as costs or otherwise, absent a statute so providing. *Romer* v. *Leyner,* 224 Ark. 884, 277 S.W. 2d 66 (1955); *American Exchange Tr. Co.* v. *Trumann Spec. Sch. Dist.,* 183 Ark. 1041, 40 S.W. 2d 770 (1931). The Texas case cited by the appellant is not in point, for there the controlling Rule of Procedure allowed "reasonable compensation" to the garnishee. *Pan American Nat. Bk.* v. *Ridgway,* 475 S.W. 2d 808 (Tex. Civ. App., 1972).

Affirmed.

HARRIS, C.J., not participating.