Cite as 2020 Ark. App. 154

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-348

| | |
|---|---|
| RUSSELL A. SHONTING<br><br>APPELLANT<br><br>V.<br><br>MICHAEL G. CONNOR<br><br>APPELLEE | **Opinion Delivered** March 4, 2020<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-18-738]<br><br>HONORABLE SUSAN K. WEAVER, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART |

## BRANDON J. HARRISON, Judge

Russell Shonting and Michael Connor are adjacent landowners. In May 2018, Shonting filed a "petition to clear old roadbed abandoned and for injunction" against Connor in case number 23CV-18-738. He alleged that Connor's predecessors in interest, Roy and Vivian Stevenson, secured the use of a roadway over his (Shonting's) property when a Faulkner County Chancery Court entered a "Temporary Order" in 1976. The May 2018 complaint states, "The roadbed has clearly been abandoned for approximately 42 years and has not been used either by the public or the Defendant or by any of his predecessors in interest." Attached to Shonting's complaint was a 2016 survey showing the unimproved roadway that crossed his property. No one disputes the roadway's location.

Connor answered the complaint, denied Shonting's factual allegations, and stated that "this matter has been previously litigated by this honorable court and therefore Plaintiff's action should be dismissed based on res judicata." Consistent with the affirmative defense

raised in the answer, Connor moved to dismiss based on res judicata. Attached to his motion was the 1976 order, and a February 2018 order, the latter of which had been entered in case number 23CV-17-850. The February 2018 order (entered in case 17-850) identifies Connor as the "petitioner" and Shonting as the "respondent." It is titled "order recognizing prior order and dismissing for res judicata" and states:

1. That this matter was previously litigated in a Faulkner County case styled Roy Stevenson and wife, Vivian Stevenson vs. Harry Shonting and wife, Lucille Shonting, Faulkner County Chancery Court, Case No E-76-346.

2. That a Temporary Order was entered in 1976 regarding the property and roadway at issue in this case, and in effect, deciding the same legal issues that currently lie before the court. (A Clerk's Certified copy of the 1976 order was filed by Petitioner as Exhibit "A" to his Motion to Recognize Prior Order and Dismiss for Res Judicata.")

3. Roy and Vivian Stevenson, Plaintiffs in the 1976 case, were predecessors in title to the subject property now owned by the Petitioner.

4. Henry and Lucille Shonting, Defendants in the 1976 case, were predecessors in title to the subject property now owned by the Respondent.

5. Because the matter currently before the Court was previously litigated in the above-referenced 1976 case, the Court hereby recognizes and gives full force and effect to the prior Court's Order entered in 1976. The Court hereby recognizes the language of said 1976 Order authorizing the Plaintiff (now Petitioner) to "have the use of and the right to repair the existing road at their own expense running across the property."

6. For purposes of clarity, the Court hereby authorizes the Petitioner, at his expense, to obtain a survey of the roadway, as it currently exists, file said survey with the court upon completion, and such completed survey shall become a part of this Court's order in this matter.

The circuit court held a hearing on Connor's motion to dismiss in November 2018. Shonting argued that the roadway had not been used in years and was therefore abandoned. The circuit court rejected this argument and granted Connor's motion, ruling that

2

"[abandonment] should have been brought up, if there were any additional arguments, in the prior hearings. . . . [T]he prior [2018 February 23] Order by this Court, by this judge, is going to stand." The court entered a written order in December 2018 that memorialized its oral ruling:

> 1. That [Shonting's] lawsuit should be and is hereby dismissed.
>
> 2. That there exists an easement, running with the land, in the form of an existing roadway across both [Shonting's] and [Connor's] properties as shown on the survey attached to the final order in case styled Michael G. Connor vs. Russell Shonting, 23CV-18-738 [sic].
>
> 3. That [Shonting] shall pay attorney's fees to [Connor] in the amount of $2,500.
>
> 4. That [Shonting] shall pay to [Connor] $2,794.30 ($2,500.00 in attorney's fees and $294.30 in mileage) in costs and expenses incurred defending himself in this matter.

Shonting appealed the December 2018 dismissal in case 18-738 to this court. He did not appeal the order entered in case 17-850. In other words, Shonting did not appeal the order that supported Connor's res judicata argument that the court accepted in this case.

## I. *Shonting's 2018 Complaint is Barred by Res Judicata*

We affirm the circuit court's dismissal of the complaint. Res judicata is an affirmative defense that promotes finality in litigation. Ark. R. Civ. P. 8(c) (2019); *Mason v. State*, 361 Ark. 357, 206 S.W.3d 869 (2005). The term can include "claim preclusion" and "issue preclusion." *Carwell Elevator Co. v. Leathers*, 352 Ark. 381, 388, 101 S.W.3d 211, 216 (2003). Although Shonting argues claim preclusion in his brief, the issue-preclusion facet of res judicata is more apt.

3

Under issue preclusion, a decision by a court of competent jurisdiction on matters that were at issue and were directly and necessarily adjudicated bars any further litigation on those issues by the plaintiff (or his privies) against the defendant (or his privies) on the same issue. *Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2000). According to our supreme court,

> [T]he test in determining whether res judicata applies is whether the matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. . . . [W]hen the case at bar is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies, the trial court is correct to find the present case barred by res judicata.

*Am. Standard v. Miller Eng'g*, 299 Ark. 347, 351, 772 S.W.2d 344, 346 (1989); *see also* David Newbern et al., 2 *Arkansas Civil Practice & Procedure* § 34:3 (5th ed.) (May 2019 update) (Westlaw ARCPP) (issue preclusion).

All the boxes have been checked in this case. Connor's use of the "abandoned" roadway crossing Shonting's property was at issue and decided previously in case 17–850. The issue was actually litigated because Connor's right to use the roadway was adjudicated by the order the circuit court entered in case 17–850. Specifically, in case 17–850, Connor sued Shonting because he (Connor) wanted the right to cross Shonting's land and thereby gain access to a public road. Connor prevailed. No one collaterally challenged the validity of the judgment entered in case 17–850. And no one attacked the validity or effect of the 1976 order. *See Fed. Nat'l Mortg. Ass'n v. Taylor*, 2015 Ark. 78, at 7, 455 S.W.3d 811, 815 (discussing collateral–attack doctrine). The decision that Connor had a right to an easement was essential to the judgment in case 17–850, and the judgment was not appealed. Simply

4

stated, had Shonting wanted to litigate whether the roadway had been abandoned, then he should have done so in case 17–850. *See Am. Standard*, *supra*.

For these reasons, res judicata bars Shonting from asserting "abandonment" in case 18–738 (this case) because Connor's right to access Shonting's property was previously adjudicated in case 17–850. The circuit court's dismissal in this case is affirmed, and the dismissal is with prejudice as a matter of law. *Francis v. Francis*, 343 Ark. 104, 112, 31 S.W.3d 841, 846 (2000) (res judicata requires a dismissal with prejudice).

II. *There is No Legal Basis for the Attorney-Fee and Mileage Awards*

When the November 2018 hearing on Connor's motion to dismiss ended, Connor orally moved for $10,000 in attorney's fees, to which the court replied: "I'll need to see a breakdown of the fees before I give you $10,000." The record contains a written objection from Shonting to the fees and costs contained in the proposed precedent that Connor's counsel submitted to the court. Shonting's objection states, in part:

> I am aware of no authority justifying the award of the fee in a case of this type and none is cited by Mr. Dumas [opposing counsel]. In addition, the assignment of the amount was quite arbitrary as there was no proof as to the amount of time spent by the attorney, nor any notice given me as to the actual fee. The note from his client, given the time that it was paid, appears to be more in the nature of a retainer. Further, there was no proof at the hearing that Shonting's Petition was brought in bad faith, was groundless or violated Rule 11 of the Arkansas Rules of Civil Procedure.

The letter also states the belief of Shonting's attorney that case 17–850 "has never been closed."

The record contains an unverified statement that appears to be from Connor (the client) to Paul Dumas (the attorney), rather than the other way around.

5

Paul,

Please below my expenses for the court.
Attorney fees $2,500.00
Mileage—540 miles round trip from Cushing, Ok to Conway, AR.
X .054.5 cents per mile=$294.30
Hotel Expenses—No charge
Meal Expenses—No charge
Loss of Wages—No charge
Total Expenses out. $2,794.30

There is also a canceled check for $2,500 from Michael G. Connor to Paul Dumas.

Although we question the "proof" submitted to support the attorney's-fee award, we do not need to go there. *Cf. McCabe v. Wal-Mart Assocs., Inc.*, 2019 Ark. App. 566, 591 S.W.3d 335 (reversing and remanding an attorney's-fee award for lack of proper proof). We can and do decide the fee issue on a wholly different basis: the circuit court lacked the legal authority to award a fee in the first place given this record.

A party moving for attorney's fees must usually specify the statute or rule that entitles it to an award of fees. *Crawford & Lewis v. Boatmen's Tr. Co. of Ark.*, 338 Ark. 679, 690, 1 S.W.3d 417, 424 (1999). But Connor did not do so while in circuit court. And the court cited no rule or statute for its award in its written order. On appeal, Connor asks us to affirm the award under Ark. R. Civ. P. 11, *Crockett v. C.A.G. Investments*, 2011 Ark. 208, 381 S.W.3d 793, and Ark. Code Ann. § 16-22-309 (Repl. 1999). Shonting argues again that there is no legal basis for the fee award. He argues that Arkansas follows the American Rule, which holds that a party must bear his or her own attorney's fees unless a statute, court rule, or contract provides otherwise. *E.g.*, *Fox v. AAA U-Rent It*, 341 Ark. 483, 489, 17 S.W.3d 481, 485 (2000) (the rule).

6

We agree with Shonting and therefore reverse the fee award. First, Ark. R. Civ. P. 11 cannot support the award because no Rule 11 motion was ever filed, and the court did not use the fee award as a sanction for a Rule 11 violation. Regarding *Crockett*, that case discusses res judicata, but a res judicata ruling was not the basis for the fee award in that case. 2011 Ark. 208, at 8, 381 S.W.3d at 799. In *Crockett*, the supreme court affirmed an award of attorney's fees based on a different statute, Ark. Code Ann. § 16-22-308, which allows for attorney's fees for a prevailing party in a breach-of-contract case. *Id.* at 12, 381 S.W.3d at 801. This case is about land use. No contract is involved.

As for section 16-22-309—the "nonjusticiable issue" statute—it appeared for the first time in this appeal. Moreover, our research shows that it has, on one occasion, been used to support an award of attorney's fees in a property case. *See Ward v. Davis*, 298 Ark. 48, 765 S.W.2d 5 (1989). In *Ward*, the supreme court affirmed a fee award to the party who successfully raised a res judicata defense in a quiet-title action. But our supreme court has also held that that section 16-22-309 first requires that a circuit court find that a "complete absence of a justiciable issue" exists as a "prerequisite to an award of attorney's fees" under the statute. *City of Fort Smith v. Didicom Towers, Inc.*, 362 Ark. 469, 479, 209 S.W.3d 344, 352 (2005). That was not done in this case. The $2,500 in attorney's fees is therefore reversed.

Regarding the nearly $300 mileage award, it too fails for lack of legal support. Arkansas Rule of Civil Procedure 54(d)(1) provides that costs "shall be allowed to the prevailing party if the court so directs, unless a statute or rule makes an award mandatory." But Rule 54(d) limits the court's discretion to nine categories of costs:

7

- filing fees
- fees for service of process and subpoenas
- publication of warning orders
- fees for interpreters appointed under Rule 43
- witness fees and mileage under Rule 45
- fees of a master under Rule 53
- fees of experts appointed under Evidence Rule 706
- fees for translators appointed under Evidence Rule 1009
- and "expenses, excluding attorney's fees, specifically authorized by statute to be taxed as cost."

Certain types of expenses incidental to litigation may not, however, be recovered as costs. *See, e.g.*, *Sunbelt Explor. Co. v. Stephens Prod. Co.*, 320 Ark. 298, 896 S.W.2d 867 (1995) (depositions, expert witness fees, and travel expenses not allowed); *W.A. Krueger Co. v. St. Bernard's Reg'l Med. Ctr.*, 267 Ark. 180, 590 S.W.2d 1 (1979) (postage and telephone expenses not recoverable as costs).

Although the circuit court had the authority to potentially award certain costs to Connor as the prevailing party, it was limited to the categories identified in Rule 54. But the court did not identify why it awarded Connor mileage; and it is not apparent from the record why Connor could have received mileage in this case. Connor did not, for example, appear as a witness. Indeed, this case was decided solely on his motion to dismiss. The $294.30 mileage award is therefore reversed.

### III. *Conclusion*

The circuit court's dismissal of Shonting's complaint is affirmed, and the dismissal is with prejudice. But Shonting does not have to pay $2,794.30 in attorney's fees and mileage to Connor. The court erred when it made that joint award.

Affirmed in part; reversed in part.

8

SWITZER and VAUGHT, JJ., agree.

*Jon R. Sanford, P.A.*, by: *Jon R. Sanford*, for appellant.

*Jeremy B. Lowrey*, for appellee.