Opinion delivered March 24, 1900.

COUNTY CONVICTS—HIRING OUT.—Under Acts 1899, p. 179, §§ 2, 4, pro-
viding that in case no contract for the working of county prisoners
shall be made by the county court prior to the second Monday of Jan-
uary of any year, such court or judge thereof must make an order for
working the prisoners on the public improvements of the county, and
shall make an appropriation therefor, *held* that if no contract for the
working of such prisoners was made prior to the second Monday in
January, nor any appropriation for working the prisoners on public
improvements, the county court had authority after the second Mon-
day in January to hire out the prisoners temporarily. (Page 24.)

*Certiorari* to Lonoke Circuit Court.

GEO. M. CHAPLINE, Judge.

*George Sibley*, for petitioner.

*Jeff Davis, Attorney General*, and *Chas Jacobson*, for State.

HUGHES, J. The petitioner, Timpson, was brought before
the circuit judge of Lonoke county on a writ of habeas cor-
pus, upon the statement in his petition that he was illegally
restrained of his liberty. The evidence in the case showed that
Timpson had been convicted of unlawfully carrying a pistol,
and had been fined $50, and, in default of the payment of the
fine and costs, had been committed to the county contractor for
prisoners for Lonoke county to be by him worked according to
law for a period of time not to exceed one day for each 75
cents of said fine and costs, and that thereupon the prisoner
was remanded to the custody of the sheriff, and afterwards
delivered to the contractor for the county, said John M.
Gracie. The answer to the petition of the prisoner, by Gracie
the contractor and the prosecuting attorney, shows that the
contract for the hiring of the prisoners of the county was
made on the 27th of January, 1900. Wherefore the peti-
tioner's counsel contends that the contract was unlawful, and
that the county judge had no authority or power to make a

contract for hiring out the convicts, only before the second Monday of January; that, if not hired out before the second Monday of January, he could hire them out to a contractor afterwards.   After hearing the case, the circuit judge remanded the prisoner to the contractor, and he appealed.

The petitioner relies upon act CXI of the Acts of 1899, approved April 12, 1899 (p. 179 of said acts), to support his contention.   Section 2 of said act, relating to the matter under consideration, is as follows:   "That section 932 of Sandels & Hill's Digest be amended so as to read as follows:   "In the event that the county court or judge thereof shall order said prisoners to be worked on roads, bridges, levees or other county improvements, as provided in the preceding section, it shall be the duty of the court or judge thereof to appoint some suitable person as superintendent;   *   *   *   and in case no contract as provided in sections 910 and 931 is made by the county court or judge prior to the second Monday of January of any year, then the said court or judge thereof must make the order as provided in section 931 for working the prisoners on the public roads, bridges, levees and other public improvements of the county."   Counsel for the petitioner contends this provision is imperative.   If this be granted, it does not appear that the county court or judge may not hire out the prisoners after he has made the order to work them on the public roads, bridges, levees and other public improvements of the county.   Bids for the labor of convicts of Lonoke county had been invited, and there were no offers prior to the 2d Monday of January.   No appropriation had been made to defray the necessary expenses of working the prisoners or convicts of the county upon the public improvements of the county, and, without an appropriation made at the proper time, they could not have been so worked. Section 4 of the act under consideration provides that "the county court at its annual meeting for making appropriations shall make the necessary appropriations to carry out the purposes of this act; *provided*, that no more than ten thousand dollars ($10,000) shall be appropriated for one year."   In section 933 of Sandel's & Hill's Digest it is provided that "said

superintendent (of prisoners to work on public improve-ments), with the permission of the county court or judge thereof, may temporarily contract with any person or corpora-tion for the labor of said prisoners," etc.  This shows that the prisoners, by contract in writing, may be hired out temporarily after the order of the county court to have them worked on roads and bridges shall have been made.

The object of all these statutes about hiring out to labor and working county prisoners on roads, bridges, etc., is to keep them from being burdensome to the county, and in this case we think the action of the county judge was legitimate and proper under the law.  °

Judgment affirmed.

BATTLE, J., dissents.