## JOHNSON COUNTY *v.* JAMISON.

### Opinion delivered April 6, 1908.

1. COUNTY—LIABILITY FOR FEES IN CRIMINAL CASES.—Before fees in criminal cases can be adjudged against a county, there must be found express authority of law for so doing. (Page 610.)

2. SAME—EMPLOYMENT OF CONVICTS ON PUBLIC WORKS.—Under Kirby's Digest, § 1074, providing that when county convicts employed on public works or improvements shall have paid the full amount of their fines and costs by their labor, "then the county court shall issue a warrant in favor of each officer to whom costs may be due for the amount of his costs on the county treasurer, and the same shall be paid if there are sufficient funds in the treasury," and section 1104, *Id.,* providing that the levying court shall make the necessary appropriations to carry out the purposes of the statute with reference to the working of the convicts, *held* that the county court had no authority to bind the county for the payment of costs in misdemeanor cases by employing county convicts upon public works unless the levying court had previously made an appropriation for the purpose. (Page 611.)

Appeal from Johnson Circuit Court; *William L. Moose,* Judge; reversed.

*Atkinson & Patterson,* for appellant.

1. The affidavit required by statute must be made before a claim can legally be allowed against a county. Kirby's Digest, § 1453.

2. A county is not liable for costs in case of conviction of a defendant until execution shall have been issued and returned not satisfied for want of property to satisfy same, unless the trial court certifies that the costs can not in his opinion be made out of the property of the defendant. Kirby's Digest, § 2471.

3. A county is not liable for costs in misdemeanors. *Id.,* § 2469.

4. The proof shows that there was no appropriation by the levying court for working prisoners on the roads. Kirby's Digest, § 1104; 68 Ark. 22.

*Brooks, Hays & Martin*, for appellees.

1. Where the evidence is not in the record, this court will presume that it was sufficient to support the judgment. 70 Ark. 127; 74 Ark. 427; 72 Ark. 185; 74 Ark. 557; 77 Ark. 195; 45 Ark. 240; 43 Ark. 457; 59 Ark. 257; 54 Ark. 159.

2. When convicts employed on public works, improvements, etc., shall have paid the full amount of their fines and costs by their labor, the county court is authorized to issue a warrant in favor of each officer to whom costs may be due for the amount thereof. Kirby's Digest, § 1074. And the county court is given plenary power in the matter of hiring out prisoners. *Id.,* § 1080.

3. There was no exception to the court's findings. 60 Ark. 250; 3 Crawford's Dig. 27, note 38; 70 Ark. 418. The court is presumed to have followed the law until the contrary is shown. 72 Ark. 590.

McCulloch, J. This is an appeal from a judgment of the circuit court of Johnson County allowing claims against said county in favor of certain officers for fees in misdemeanor cases tried before justices of the peace. The circuit court adjudged the county to be liable for the fees claimed on the ground that the persons convicted had worked out their respective fines and costs, on the public roads of the county.

Before fees in criminal cases can be adjudged against a county, there must be found express authority of law for so doing. *Logan County* v. *Trimm*, 57 Ark. 487; *Cole* v. *White County*, 32 Ark. 45.

The only warrant of law for allowing fees in misdemeanor convictions against counties is found in the following section of the statute:

"Sec. 1074. When convicts, employed on public works or improvements or in public workhouses, shall have paid the full amount of their fines and costs by their labor, then the county court shall issue a warrant in favor of each officer to whom costs may be due for the amount of his costs on the

county treasurer, and the same shall be paid if there are sufficient funds in the treasury."

There must also be some lawful authority for working convicts on the public roads, etc., before the county becomes liable for costs. Working them without authority does not render the county liable. The law provides that the county court at its annual meeting for making appropriations shall make the necessary appropriations to carry out the purposes of the statute with reference to working the convicts. Kirby's Digest, § 1104. This is a limitation upon the power of the county court; and, unless the levying court at its annual meeting makes an appropriation for the purpose, the county court has no authority to bind the county to the payment of costs in misdemeanor cases. Ex parte *Timpson,* 68 Ark. 22.

This is in harmony with the design of our statutes in providing that liabilities of counties shall not be created unless the levying courts shall first give sanction by making appropriation of funds for the purpose. Kirby's Digest, § 1502.

The evidence in this case shows that the levying court of Johnson County had made no appropriation for the purpose of working the county convicts on the public roads or other improvements of the county. Therefore no legal liability on the part of the county to pay the costs of misdemeanor convictions was ever created, and the circuit court erred in rendering judgment against the county.

Reversed and case dismissed.

HART, J., disqualified and not participating.