MILLER COUNTY *v.* SEWELL, SHERIFF.

4-4321

Opinion delivered June 1, 1936.

*James D. Head,* for appellant.

*Ned Stewart,* for appellee.

McHANEY, J. Appellee is the sheriff of Miller County, and, as such, earned in lawful fees, from April to October, 1935, both inclusive, in misdemeanor cases in the municipal court of Texarkana, Arkansas, the sum of $1,341, no part of which was collected. He presented his claim to the county court in said sum for allowance, not that he sought to be paid that sum in cash, but only to be allowed as a credit on his receipts of office, because of the salary act of Miller county hereinafter mentioned. The county court disallowed the claim. He appealed to the circuit court, where the claim was allowed, and the county has appealed.

The facts are not in dispute, but are stipulated. As above stated the claim arises out of services rendered in misdemeanor cases in the municipal court of Texarkana. All of it, except $233.10, is based on warrants issued on information filed by the prosecuting attorney or his deputy. The appellee paid into the county treasury each month all cash fees collected in misdemeanor cases as required by said salary act, but none of the fees involved in this claim have been collected, as the defendants were either discharged or laid out the fine and costs in the county jail. The appellee's office operated from October 1, 1935, to January 1, 1936, without any salary being paid to him or his deputies because of the ninety per cent. provision in said salary act. In 1934, the people of said county adopted an initiated salary act whereby all county officers were placed on salaries. The pertinent provisions of said act are §§ 7 and 13. Section 7 fixes the salary of the sheriff at $4,000 per annum for all services to be performed by that office in lieu of all fees and commissions allowed by law. A further provision is: "In addition thereto, he shall be paid actual and necessary expenses of travel of himself and deputies when on business for the county, but in no event shall the salaries and expenses annually exceed ninety (90) per cent. of the gross receipts of the office, and shall be payable only

from such receipts." Said sections fixes the number and salaries of deputies, provides his duties as jailer, and allows compensation for feeding prisoners. Section 13 relates to the duties of all salaried county officers in charging and collection of fees, costs, commissions, etc., as now provided by law, and the manner of reporting to and settlement with the county therefor. It is stipulated "that the only question involved is whether the sheriff is entitled to credit for these fees (the sum of $1,341 which he did not collect) on the gross receipts of his office for the year 1935 under the salary act."

We answer this question in the negative. It would seem just and equitable to allow the claim, as it represents services rendered and fees earned. But the salary act provides otherwise by this language in § 7: "But in no event shall the salaries and expenses annually exceed ninety (90) per cent. of the gross receipts of the office and shall be payable only from such receipts." We understand this language to mean that the salaries of the sheriff and his deputies together with their necessary expenses of travel when on business for the county, shall not annually exceed ninety per cent. of the gross cash receipts of the office. "Gross receipts" means gross cash receipts, and this is made doubly certain by the clause, "and shall be payable only from such receipts." Salaries and expenses could only be paid by cash receipts. Certainly they could not be paid with earnings not collected, or at least it would appear to be an unsatisfactory way to collect salaries and expenses. Webster defines the word "receipt" as: "3. That which is received; that which comes in, in distinction from what is expended, paid out, sent away, and the like; usually in pl.; as, the gross receipts." In *Ft. Smith Gas Co.* v. *Wiseman,* 189 Ark. 675, 74 S. W. (2d) 789, we held that the words "gross earnings," as used in the act there under consideration, were synonymous with "gross receipts." See, also, *Railway Co.* v. *Shinn,* 52 Ark. 93, 12 S. W. 183.

Moreover, the county is not liable for costs in misdemeanor cases. Section 3272, Crawford & Moses' Digest. While it is true appellee is not trying to collect

these fees from the county as costs in misdemeanor cases, he is seeking to have them classed as "gross receipts" of his office, and then expend 90 per cent. thereof in salaries and expenses of the office.

Since, as we have shown, these uncollected, but earned, fees are not receipts, and since the county is not liable for same as costs, there is no ground on which to allow the claim. As said in *Johnson County* v. *Jamison,* 85 Ark. 609, 109 S. W. 1025: "Before fees in criminal cases can be adjudged against a county, there must be found express authority of law for so doing." Citing cases.

The judgment is, therefore, reversed, and the cause dismissed.